Commonwealth, Appellant, *v.* Brady.

230

Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*David P. Truax,* Assistant District Attorney, and *Paul D. Shafer, Jr.,* District Attorney, for Commonwealth, appellant.

*R. Charles Thomas,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, July 15, 1969:

Appellee, James Lee Brady, filed a post-conviction petition, alleging that he was denied his right to appeal. The Court of Common Pleas, Criminal Division, of Crawford County denied the petition on January 23, 1969, stating that the only issue raised in the motion for new trial was that appellee's *Miranda* rights were violated. Since the only issues which can be raised on appeal are those raised in a post-trial motion, and since in the court's view *Miranda* was inapplicable to retrials, a hearing was denied. The Superior Court, in an order of June 5, 1969, quite properly remanded for a hearing as to whether appellee had waived his right to appeal. On June 5, it had not yet been decided that as a matter of State law *Miranda* was inapplicable to retrials. However, on June 27, 1969, in *Commonwealth v. Willman*, 434 Pa. 489, 255 A. 2d 534 (1969), we held that *Miranda* was inapplicable to retrials. Appellee thus has no issue which he can raise on appeal, and therefore it would be a vain gesture to order a hearing on the issue of whether he waived his right to appeal.

We note that, in adopting the rather unusual position that it is proper for us to deny appellee's right to a direct appeal because he could not win the appeal, if taken, we do so only under the particular factual posture of this case, where only a few brief weeks ago we decided, after briefing and argument, appellant's only argument adversely to him. As a practical matter, it would make no sense to permit such a useless appeal.

Our opinion, however, should not be read as indicating that we will in the future be receptive to the argument that a prisoner should be denied an appeal because the record indicates that his appeal may be futile. The merits of the appeal will properly be con-

232

sidered by us, with briefs from counsel, when the appeal is taken, and we will not lose sight of the fact that even when the law seems to be against an appellant, it is always open to him at least to argue that precedents should be overturned.

The allocatur is granted and the order of the Superior Court is reversed.