519 A.2d 1074

Waleigh C. Rasmussen, Appellant *v.* Borough of Aspinwall, a municipal corporation, Appellee.

Argued October 6, 1986, before Judges MACPHAIL, DOYLE and BARRY, sitting as a panel of three.

*John A. Bacharach, Girman & Bacharach,* for appellant.

*Robert L. Byer,* with him, *Laura A. Candris, Eckert, Seamans, Cherin & Mellott,* for appellee.

OPINION BY JUDGE DOYLE, January 8, 1987:

This is the appeal of Waleigh C. Rasmussen from an Order of the Court of Common Pleas of Allegheny County denying Rasmussen's motion for summary judgment and granting summary judgment in favor of the Borough of Aspinwall (Borough).

Rasmussen, an honorably discharged veteran, applied to the Civil Service Commission of the Borough (Commission) for the position of Patrolman Third Class with the Aspinwall Police Department. He sat for the examination and was notified on January 23, 1984 that he had attained the highest score of all the applicants after he received the 10 point veterans credit[1] and that pursuant to Section 1184 of The Borough Code (Code),[2] the Commission had certified his name and the names of the two other applicants with the second and third highest scores to the Borough Council for selection.

On June 26, 1984, the Borough Council interviewed Rasmussen and the two other applicants. By letter dated July 9, 1984, Rasmussen was informed that he was not the successful candidate. Rasmussen notified the

---

[1] Pursuant to Section 7103(a) of the Veterans' Preference Act, 51 Pa. C. S. §7103(a), whenever a soldier successfully passes a civil service appointment examination for a public position in this Commonwealth, or any political subdivision thereof, and he possesses the qualifications required by law for appointment to such public position, his examination score is credited with an additional 10 points.

[2] Act of February 1, 1966, P.L. (1965), 1656, *as amended,* 53 P.S. §46184.

Commission of his intention to appeal and requested a hearing. Borough Council granted Rasmussen's request for a hearing but subsequently reaffirmed its decision to hire one of the other applicants, a non-veteran.

On November 26, 1984, Rasmussen filed an appeal with the Court of Common Pleas of Allegheny County, contending that the Borough Council should have appointed him to the position of Patrolman Third Class because of the mandate of Section 7104(b) of the Veterans' Preference Act, (Act) 51 Pa. C. S. §7104(b) which reads:

> Whenever any soldier possesses the requisite qualifications, and his name appears on any eligible . . . list, certified . . . as the result of any such civil service examination, the appointing . . . power in making an appointment . . . to a public position *shall give preference* to such soldier, notwithstanding, that his name does not stand highest on the eligible . . . list. (Emphasis added.)

The Borough countered with the argument that the Veterans' Preference Act does not *compel* the Borough Council to appoint a veteran and that it has discretion to appoint any of the three applicants certified to it by the Commission pursuant to Section 1184 of the Borough Code which states in pertinent part:

> [T]he council shall notify the commission of any vacancy which is to be filled and shall request the certification of a list of eligibles. The commission shall certify for each existing vacancy from the eligible list, the names of three persons . . . who have received the highest average. The council shall thereupon, *with sole reference to the merit and fitness of candidates,* make an appointment from the three names certified. . . . (Emphasis added.)

Both parties filed motions for summary judgment and the court of common pleas entered an order on November 7, 1985 denying Rasmussen's motion, and granting summary judgment in favor of the Borough.

On appeal here, the sole issue is whether the Veterans' Preference Act requires the Borough to hire Rasmussen, the only veteran on the list certified by the Commission. We hold that it does.

The Borough argues that the Veterans' Preference Act does not mandate the appointment of a veteran and that the Borough Council has the discretion to determine which of the three certified candidates it wishes to select "with sole reference to the merit and fitness of the candidates." The Borough contends in its brief that the legislature intended that the Borough Council exercise discretion in selecting the "most qualified and suitable [candidate] after the advantageous characteristics attributed to war veterans have been duly considered."

We disagree with the Borough's contentions and in addition find that the Borough Code and Veterans' Preference Act are not irreconcilable. Indeed, we have recognized that the nature of the Veterans' Preference Act is such that it is meant to apply to other existing substantive legislation. *Northeastern Educational Intermediate Unit # 19 v. Stephens*, 95 Pa. Commonwealth Ct. 361, 510 A.2d 1267 (1986). Simply put, the Borough's construction and interpretation of the Code and the Veterans' Preference Act would defeat the intent of the legislature.[3]

We note first that pursuant to Section 1184 of the Code, Borough Council may object to any of the in-

---

[3] The object of statutory interpretation and construction is to ascertain and effectuate the intent of the legislature. Section 1921(a) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1921(a).

dividuals certified by the Commission on substantive grounds such as physical disability, habitual use of intoxicating liquor or drugs, conviction of a crime, previous dismissal from public service, etc., which are enumerated in Section 1183 of the Code, 53 P.S §46183. In the instant case the Borough Council raised no such objection to Rasmussen's qualifications or certification. Rather it asserts that it did not choose to appoint Rasmussen because his employment record showed that after his discharge from the army in 1976, Rasmussen held eight jobs, and his longest period of continuous employment was thirteen months. Indeed in oral argument the Borough conceded that Rasmussen was not unfit, but argued that the Borough Council had discretion to choose any of the three certified applicants based upon its own evaluation of merit and fitness. While this would be correct so long as none of the persons certified were a veteran, to hold that it is also true where a veteran is certified would make Section 7104(b) of the Veterans' Preference Act meaningless. *See* Section 1922(2) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1922(2).

Furthermore, the obvious necessity of construing "shall" in Section 7104(b) with mandatory direction is abundantly illustrated by the very next paragraph where the Act provides:

> [T]he appointing . . . power *may* give preference to any soldier, who has passed the required examination for appointment . . . although his name does *not* appear on the eligible . . . list certified or furnished to the appointing . . . power.

51 Pa. C. S. §7104(c) (emphasis added). While this Section permits Borough Council to select a veteran who is not among the three highest scoring applicants by using the word "may," Section 7104(b), by use of the impera-

tive "shall," commands Council to appoint the certified veteran if he or she is one of three on the certified list.

It is also clear that the Borough Code defers to the Veterans' Preference Act.[4] Section 1181 of the Code reads in pertinent part:

> Persons, male or female, who served in the military or naval service of the United States during any war in which the United States has been, is now, or shall hereafter be, engaged and who have honorable discharges from service, who have successfully passed the examination, *shall be given the additional credits and preference in appointment and promotion provided by law.* (Emphasis added.)

It is the Commission which administers the tests and certifies the applicants. Therefore, it is *the Commission which shall add* the "additional credits" to the score of a veteran who has passed the civil service examination. Appointment and promotion however, are, on the other hand, within the sole province of the Borough Council. It is Council therefore which is instructed under Section 1181 of the Code, by use of the same verb "shall", to give preference to the veteran in the appointment. The same word "shall" cannot mandate action by one governmental unit and allow discretion to the other.

The Borough's final contention is that according to the holding in *Bobick v. Fitzgerald,* 416 Pa. 588, 207 A.2d 878 (1965), a court cannot order the Borough to hire Rasmussen. *Bobick* is distinguishable however. In

---

[4] We note that Sections 1181 and 1184 of the Borough Code were both originally enacted as a part of the Borough Code in 1947 and were re-enacted with substantially the same language in 1966. It is clear therefore that the legislature since 1947 intended that the Borough Code recognize whatever the existing law in Pennsylvania is with regard to veterans' preference.

that case Bobick, a veteran who received the highest score on the civil service examination, was not chosen to fill a vacancy in the police department. A non-veteran was chosen to fill the vacancy, but, was never actually appointed. Thus, the Borough Council had not chosen any candidate to fill the vacancy, nor had it determined when it might do so. In an action in *mandamus* Bobick requested the Court to command the Borough Council to name him as a police officer. The Court held that it lacked the power to order the Borough Council to appoint Bobick because only the Borough could determine if and when it would fill a vacancy. The Court wrote, however, that *if* the Borough decided to appoint a police officer, it must appoint Bobick. *Cf. Yuska v. City of Pittsburgh*, 100 Pa. Commonwealth Ct. 169, 514 A.2d 297 (1986).

Since the Borough Council here has appointed Mr. O'Connor, a non-veteran applicant, to the position of Patrolman Third Class, it has exercised its power to fill the position. Because this has been done the court has the power to order that Rasmussen be appointed to the position and granted seniority and backpay.

Based upon the foregoing we reverse the order of the Court of Common Pleas of Allegheny County which granted summary judgment in favor of the Borough and remand this case to the trial court and direct it to enter summary judgment in favor of Rasmussen and to order him appointed to the position of Patrolman Third Class with seniority beginning on the day Mr. O'Connor began his appointment. Rasmussen is further to be granted full backpay less any wages earned or benefits conferred under the Public Laws of Pennsylvania, said computation to be determined by the trial court on remand.

## ORDER

Now, January 8, 1987, the Order of the Court of Common Pleas of Allegheny County in the above captioned matter is reversed. This case is remanded to the trial court with directions that it enter summary judgment in favor of Rasmussen and order that he be appointed with seniority and given backpay as directed in the foregoing opinion.

Jurisdiction relinquished.