589 A.2d 1188

Joseph J. PONTIOUS, Appellant,

v.

Michael RIPPY, Reynold Galdini, Albert Abplanalp, Hudnell Cladwell, Norman Haight, Alfred Maletto, and Rudolph Kocjancic, Members of the Borough Council of the Borough of Johnsonburg, Appellees.

Commonwealth Court of Pennsylvania.

Argued Oct. 30, 1990.

Decided April 11, 1991.

Reargument Denied May 29, 1991.

Thomas G. Wagner, Meyer & Wagner, St. Marys, for appellant.

Vernon D. Roof, Pontzer & Roof, Ridgway, for appellees.

Before DOYLE and KELLEY, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Joseph J. Pontious (Pontious) appeals from an order of the Court of Common Pleas of Elk County, dated May 1, 1990, which denied his motion for summary judgment and granted summary judgment in favor of the appellees, members of the Borough Council of the Borough of Johnsonburg (collectively, Borough Council). The trial court determined that Pontious' military service from June 1974 through July 1977 does not bring him within the statutory definition of "soldier" in order to be entitled to preference for appointment to the police force of the Borough of Johnsonburg, pursuant to Chapter 71 of the Military Code (Code), 51 Pa.C.S. §§ 7101–7109, commonly known as the Veterans' Preference Act.[1]

Pontious served on active duty in the United States Marine Corps from June 1974 through July 1977 and was honorably discharged. On two occasions, in 1985 and in 1987, he applied for open positions in the Borough's police department. After successfully completing the examination for appointment, his name was placed on the list of eligible candidates presented by the Johnsonburg Borough Civil

---

1. Section 7104 of the Code, 51 Pa.C.S. § 7104, provides in relevant part:

    Section 7104. Preference in appointment or promotion

    .   .   .   .   .

    (b) Name on civil service list.—Whenever any soldier possesses the requisite qualifications, and his name appears on any eligible or promotional list, certified or furnished as the result of any such civil service examination, the appointing or promoting power in making an appointment or promotion to a public position shall give prefer-

Service Commission to the Johnsonburg Borough Council. In both instances he was the only veteran on the list. The Borough Council passed over Pontious' appointment on both occasions.

In March 1988 Pontious filed a complaint in mandamus against the Borough Council, seeking an order directing his appointment to the police force and for back pay and other damages. Pontious maintained that he was entitled to appointment as a police officer pursuant to Section 7104(b) of the Code and that he is a "soldier" as defined in Section 7101 of the Code, 51 Pa.C.S. § 7101. Section 7101 provides:

§ 7101. Soldier defined

As used in this chapter, "soldier" means a person who served in the armed forces of the United States, or in any women's organization officially connected therewith, during any war or armed conflict in which the United States engaged, or who so served or hereafter serves in the armed forces of the United States, or in any women's organization officially connected therewith, since July 27, 1953, including service in Vietnam, and who has an honorable discharge from such service.

Pontious and the Borough Council each filed motions for summary judgment. The trial court considered the question of whether Pontious is a soldier within the definition set forth in Section 7101 of the Code. In its consideration of this question, the trial court found that an essential question was whether Pontious' military service occurred "during any war or armed conflict in which the United States engaged." The trial court then reviewed the time period during which troops were removed from Vietnam and determined that the date upon which the Paris Peace Accords were signed, January 28, 1973, constitutes the official end of the armed conflict between the United States and Vietnam. Accordingly, since Pontious' military service did not begin until June 1974, the trial court determined

ence to such soldier, notwithstanding, that his name does not stand highest on the eligible or promotional list.

. . . . .

that his service did not occur during a period of war or armed conflict and thus found that Pontious is not a soldier as defined by Section 7101 of the Code. The trial court denied Pontious' motion for summary judgment and granted summary judgment in favor of the Borough Council.

Pontious maintains that the trial court committed error in dismissing his mandamus action and raises the following issues here: (1) whether any honorably discharged veteran who has served in the armed forces since July 27, 1953 is entitled to preference as set forth in the Veterans' Preference Act; (2) whether the Veterans' Preference Act mandates the appointment of a qualified veteran who is certified to the eligibility list for appointment to a municipal police force; and (3) if the Veterans' Preference Act requires that a veteran serve during a period of war or armed conflict in order to qualify for benefits, whether the period of the Vietnam conflict extended to April or May of 1975.

Pontious argues that the determination of whether he is a soldier as defined in Section 7101 of the Code does not depend on whether or not he served during a period of war or armed conflict, as maintained by the Borough Council and the trial court. Pontious argues that any person who served since July 27, 1953, as he did, is entitled to veterans' preference regardless of the question of whether the United States was engaged in a war or armed conflict at the time. We agree and reverse the trial court.

We are called upon to construe Section 7101 of the Code, mindful that the object of statutory interpretation and construction is to ascertain and effectuate the intent of the legislature and to give effect to all of the statute's provisions. Section 1921(a) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(a). A statement of legislative intent appears in Section 7102(a) of the Code, 51 Pa.C.S. § 7102(a), which provides that the preference credits in civil service examinations are to be awarded to a soldier "for the discipline and experience represented by his military training and for the loyalty and public spirit demonstrated by his service for the preservation of his country." *Herskovitz v.*

*State Civil Service Commission*, 111 Pa.Commonwealth Ct. 427, 534 A.2d 160 (1987). Any person who serves in the armed forces, whether during a war or armed conflict or during peace-time, receives discipline and experience and demonstrates loyalty and public spirit. The history of Section 7101 reflects that the legislature intended, in the current statute, that veterans' preference be given to anyone who served in the armed forces of the United States *after July 27, 1953* and was honorably discharged, without regard to the dichotomy between war, armed conflict and peace.

Historically, the definition of soldier appeared first as Section 1 of the Act of May 22, 1945, P.L. 837, and read as follows:

> The word "soldier" as used in this act, shall be construed to mean a person who served in the armed forces of the United States, or in any women's organization officially connected therewith, *during any war* in which the United States engaged, and who has an honorable discharge from such service. (Emphasis added.)

Plain reading of this act reveals that a person must have served in the armed forces or in an affiliated women's organization during a war in which the United States engaged and must have been honorably discharged in order to fit the definition of soldier. An amendment was enacted as Section 2 of the Act of December 7, 1955, P.L. 804, and resulted in the addition of the words "or armed conflict" after the phrase "during any war." The act otherwise remained as written in 1945.

In 1966 this section was once again amended at Section 1 of the act of January 25, 1966, P.L. (1965) 1545, to read as follows:

> The word "soldier" as used in this act, shall be construed to mean a person who served in the armed forces of the United States, or in any women's organization officially connected therewith, during any war or armed conflict in which the United States engaged, *or who so served or hereafter serves in the armed forces of the United*

*States, or in any women's organization officially con-*
*nected therewith, since July 1, 1958, including service*
*in Vietnam, and who has an honorable discharge from*
*such service.* (Emphasis in original.)

The phrase "including service in Vietnam" was inserted
into the definition and it remains in the current statute.
There is nothing in the legislative history to indicate why
that phrase was inserted. The legislature, in its wisdom,
unequivocally specifically states that service in Vietnam is
included, as well as any service from July 1, 1958, thus
foregoing any determination of the existence of a war or
armed conflict after July 1, 1958.

In 1972, the definition was amended at Section 1 of the
act of January 5, 1972, P.L. (1971) 662. The amendment
consisted of changing the date in the phrase "or hereafter
serves ... since July 1, 1958" to "since July 27, 1953." [2] In
all other respects, the statute remained as it was written in
1966.[3]

These amendments reflect the legislature's intent to in-
clude not only persons who "served during any war or
armed conflict ... and [have] an honorable discharge" but
also any person who served in the armed forces or an
affiliated women's organization after July 27, 1953 and
received an honorable discharge. We reject the Borough
Council's argument that "soldier" as defined is restricted to
those who served only during war or armed conflict. That
interpretation properly fits the statute as it was first enact-
ed in 1945 and thereafter amended in 1955. However, the
amendment of 1966 added the phrase beginning with the
disjunctive "or," which, together with the 1972 amendment,
served to extend the definition of "soldier" to include not
only those who served during war or armed conflict but also

2. July 27, 1953 is the date of the cease fire signifying the end of the
Korean conflict.

3. Section 1 of the Act of 1972 was reenacted in August 1, 1975, P.L.
233, No. 92.

those who served during peace-time after July 27, 1953.[4] Since Pontious served in the Marine Corps from June 1974 to July 1977 and was honorably discharged, we find that he is a soldier for purposes consistent with the Veterans' Preference Act, mandating his appointment to the police force of the Borough of Johnsonburg.[5] *See, Rasmussen v. Borough of Aspinwall,* 103 Pa.Commonwealth Ct. 109, 519 A.2d 1074 (1987), *allocatur granted,* 516 Pa. 637, 533 A.2d 94 (1987), appeal withdrawn, 3/9/88.

## ORDER

AND NOW, this 11th day of April, 1991, the order of the Court of Common Pleas of Elk County, dated May 1, 1990, which granted summary judgment in favor of the Borough Council of Johnsonburg is reversed and the complaint of Joseph J. Pontious is reinstated. The case is remanded to the Court of Common Pleas of Elk County for entry of summary judgment in favor of Joseph J. Pontious with direction to the Borough Council of Johnsonburg to appoint Pontious to a position as a police officer. Further, the trial court shall conduct a hearing to determine the amount of compensatory damages to be awarded to Pontious.

Jurisdiction relinquished.

DOYLE, Judge, concurring.

I agree entirely with the reasoning employed and the result reached by the majority opinion. I write separately only to indicate that while the legislature perhaps did not intend that the benefits of veterans' preference be so broadly applied, we are bound by the plain meaning of Section 7101 of what is commonly known as the Veterans' Preference Act, (Act) 51 Pa.C.S. § 7101. As Section 1921(b) of

4. This interpretation of Section 7101 was given by Attorney General Ernest D. Preate, Jr. in Opinion No. 89–2, filed May 12, 1989. An Attorney General's Opinion, while not binding upon a court, is entitled to great weight. *McDowell v. Good Chevrolet–Cadillac, Inc.,* 397 Pa. 237, 154 A.2d 497 (1959).

5. Because of our disposition of these issues, we need not address the question raised by Pontious of whether the Vietnam conflict extended to April or May of 1975.

The Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(b), dictates, "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."

I am indeed cognizant that this decision can have far-reaching ramifications. There is no time limitation with respect to one's service as a soldier. Aside from the military service itself, the only limitation in the definition is that the soldier be honorably discharged. The entire nation is well aware that recent events in the Persian Gulf necessitated many individuals who had been in the reserves being placed on active status. Some served overseas in the Persian Gulf region; others, although they were on active duty, remained stateside. Many, whether serving in the Gulf or stateside, were on active duty for only a brief period of time. Under our decision today all of these individuals, regardless of whether they served overseas or at home, regardless of whether they were on active duty for one day or six months, are entitled to the veterans' preference benefit. I am not certain that such a broad application of this benefit was legislatively intended. The Act, however, says what it says and if a change is desired it is for the legislature and not the courts to attend to the matter.