Daniel A. ARDOLINO, Appellant,

v.

**CITY OF PITTSBURGH CIVIL SERVICE COMMISSION.**

Commonwealth Court of Pennsylvania.

Argued March 13, 1995.

Decided May 8, 1995.

848

James E. DePasquale, for appellant.

Marianne S. Malloy, Asst. City Sol., for appellee.

Before McGINLEY and KELLEY, JJ., and SILVESTRI, Senior Judge.

McGINLEY, Judge.

Daniel A. Ardolino (Ardolino) appeals from an order of the Court of Common Pleas of Allegheny County (common pleas court) which dismissed Ardolino's appeal from an order of the City of Pittsburgh Civil Service Commission (Commission) determining that Ardolino failed to appeal his score on the City of Pittsburgh Civil Service Exam for firefighter applicants in a timely manner.

In March of 1988, Ardolino took and passed a written civil service examination and physical performance test to become a firefighter in the City of Pittsburgh. As part of his application, Ardolino requested veterans' preference points for his military service. Veterans' Preference is authorized by Chapter 71 of the Pennsylvania Military Code, commonly referred to as the Veterans' Preference Act (Act), 51 Pa.C.S. §§ 7101–7109. Section 7103(a) of the Act, 51 Pa.C.S. § 7103(a), provides that a soldier who passes a civil service examination and possesses the qualifications required by the Act shall have ten points added to his examination score. In 1988, when Ardolino submitted his application, the Commission interpreted the definition of "soldier" in the applicable provision of the Act [1] as being limited to a person who served during war or armed conflict as opposed to one who served during peacetime. Ardolino's military service occurred during peacetime.

Accordingly, on July 11, 1988, Ardolino was notified by letter that his final test score was 93 and that no veterans' preference points were added in the computation of that score. Additionally, the letter informed Ardolino that, if he disagreed with the results, he could request a review of his final score by submitting a written request to the Commission within five days of receipt of the letter. Ardolino failed to request a review within five days and was therefore placed on the firefighter eligibility list in accordance with his score of 93. The eligibility list on which Ardolino's name appeared expired in August, 1991.

On July 1, 1992, almost four years after receiving notification of his final score, Ardolino instituted an appeal before the Commission contending that he was wrongly denied veterans' preference points. Ardolino alleged that if he had been awarded veterans' preference points he would have been hired in the first firefighters class from the 1988 eligibility list. As a result, Ardolino requested hiring in the next available firefighter class, and full back pay, benefits and seniority from April 24, 1989, when, Ardolino argues, he should have been hired.

The Commission granted Ardolino a hearing and on December 31, 1992, issued a decision denying his appeal on two grounds: (1) the appeal was not filed in a timely fashion; (2) the appeal was filed after the 1988 civil service eligibility list had expired. Ardolino filed a timely appeal to the common pleas court. On June 15, 1994, the common pleas court dismissed Ardolino's appeal finding that the underlying appeal to the Commission was not filed in a timely fashion.

Ardolino maintains that the Commission committed an error of law by denying his appeal and raises the following issue for our review: whether Ardolino's appeal was time barred because it was filed beyond the appeal period.[2]

1. "Soldier" is defined by Section 7101 of the Act, 51 Pa.C.S. § 7101 as follows:

As used in this chapter, "soldier" means a person who served in the armed forces of the United States, or in any women's organization officially connected therewith, during any war or armed conflict in which the United States engaged, or who so served or hereafter serves in the armed forces of the United States, or in any women's organization officially connected therewith, since July 27, 1953, including service in Vietnam, and who has an honorable discharge from such service.

2. Our scope of review is limited to determining whether constitutional rights have been violated, whether an error of law has been committed,

As noted earlier, the letter informing Ardolino of his final score also advised him that he could request a review of such score within five days of receiving the notification. Section 3.1(c) of the Fireman's Civil Service Code, 53 P.S. § 23493.1 provides:

(c) Any person taking a competitive examination for appointment or promotion in the competitive class in the Bureau of Fire shall, if he so requests within five days after receiving notice of the results of such examination, be permitted to see his examination papers and to review his answers with those who conducted the examination. Any person who is refused such review or who is dissatisfied with the results of such review shall, upon written request, be granted a public hearing before the Civil Service Commission.

Rule XXI § 1A of the Rules of the Civil Service Commission of the City of Pittsburgh states that "[a]ny hearing before the Civil Service Commission to which a person is entitled under the provisions of the Civil Service Statutes and Rules must be requested in writing and received within ten (10) calendar days of the date of written notice of action giving cause for the hearing." A copy of the Civil Service Code and the Civil Service Commission's Rules were provided to Ardolino as part of the examination procedure.

▮▮▮ It is undisputed that Ardolino failed to file an appeal within the time period provided for by either statute. As a result, Ardolino waived his right to appeal his final score unless he can prove that he is entitled to relief in the form of a nunc pro tunc appeal. A nunc pro tunc appeal of an administrative action will be allowed only where there is a showing of fraud or a breakdown in the administrative process. *Guat Gnoh Ho v. Unemployment Compensation Board of Review,* 106 Pa.Commonwealth Ct. 154, 525 A.2d 874 (1987). In the present case there is no allegation of fraud or administrative breakdown. Instead, Ardolino contends that the time limitations should be disregarded due to "compelling factual circumstances" establishing a non-negligent failure to file a timely appeal.

In support of his argument, Ardolino cites the Pennsylvania Supreme Court case of *Bass v. Commonwealth,* 485 Pa. 256, 401 A.2d 1133 (1979). In *Bass,* the Supreme Court granted an appeal nunc pro tunc which had been filed four days late due to the illness of the attorney's secretary. Noting that attorneys are an integral and necessary part of our judicial system, the Supreme Court held that where an attorney is completely non-negligent in causing a delay in filing, the appeal should be permitted. *Id.*

This court has relied on *Bass* when reviewing appeals filed in an untimely fashion. *See Perry v. Unemployment Compensation Board of Review,* 74 Pa.Commonwealth Ct. 388, 459 A.2d 1342 (1983) (mechanical failure of law clerk's car was non-negligent happenstance, time for filing extended three days); *Tony Grande, Inc. v. Workmen's Compensation Appeal Board (Rodriquez),* 71 Pa.Commonwealth Ct. 566, 455 A.2d 299 (1983) (unavoidable hospitalization of petitioner's attorney ten days into the appeal period due to heart attack was non-negligent happenstance, period for filing extended three days); *Walker v. Unemployment Compensation Board of Review,* 75 Pa.Commonwealth Ct. 116, 461 A.2d 346 (1983) (failure of post office to forward notice of referee's decision was non-negligent happenstance, period extended thirty-nine days). However, *Bass* and its progeny are distinguishable from the present controversy. The untimely filings in the *Bass* line of cases resulted from circumstances which were beyond the petitioner's control. In the present case, Ardolino failed to institute his appeal in a timely fashion.

Ardolino asserts that he failed to appeal after receiving notification of his score because the booklet he received at the time of the examination informed him that he was not entitled to veterans' preference points. Ardolino contends that because the Commission provided him with incorrect information regarding eligibility for veterans' preference points, and because he filed his appeal as

whether the provisions relating to practice and procedure of local agencies have been violated in the proceedings before the agency, and whether

the necessary findings of fact are supported by substantial evidence. 2 Pa.C.S. § 754(b).

soon as he learned that he was eligible for the points, he should be granted an extension of time to file his appeal. We find this argument unpersuasive.

The definition of "soldier" first appeared in Section 1 of the Act of May 22, 1945, P.L. 837, and read as follows:

> The word "soldier" as used in this act, shall be construed to mean a person who served in the armed forces of the United States, or in any women's organization officially connected therewith, *during any war* in which the United States engaged, and who has an honorable discharge from such service. (Emphasis added).

*Pontious v. Rippy,* 139 Pa.Commonwealth Ct. 137, 141, 589 A.2d 1188, 1190, *appeal denied,* 529 Pa. 654, 602 A.2d 863 (1991). The words "or armed conflict" were added after the phrase "during any war" in an amendment enacted as Section 2 of the Act of December 7, 1955, P.L. 804. *Id.* In 1956, the State Attorney General issued an opinion stating that veterans were not eligible to receive benefits under the Veterans' Preference Act unless at least part of their service "occurred during a war or armed conflict." Op. Att'y Gen. No. 663 (1956).

The definition of "soldier" was amended again in 1966, at Section 1 of the Act of January 25, 1966, P.L. (1965) 1545, to read as follows:

> The word "soldier" as used in this act, shall be construed to mean a person who served in the armed forces of the United States, or in any women's organization officially connected therewith, during any war in which the United States engaged, or *who so served or hereafter serves in the armed forces of the United States, or in any women's organization officially connected therewith, since July 1, 1958, including service in Vietnam,* and who has an honorable discharge from such service. (Emphasis in original).

*Rippy,* 139 Pa.Commonwealth Ct. at 141–42, 589 A.2d at 1190. In 1972, the definition was

amended at Section 1 of the Act of January 5, 1972, P.L. (1971) 662, to read as is does today[3] by changing the date in the phrase "since July 1, 1958" to "since July 1, 1953. *Id.* at 142, 589 A.2d at 1190.

As noted in the *Rippy* case, "the history of Section 7101 reflects that the legislature intended, in the current statute, that veterans' preference be given to anyone who served in the armed forces of the United States, after July 1, 1953, and was honorably discharged, without regard to the dichotomy between war, armed conflict and peace." *Id.* at 141, 589 A.2d at 1190. Although this was the intent of the legislature the Commission continued to follow the 1956 opinion of the Attorney General and awarded veterans' preference points only to those whose service occurred during war or armed conflict.[4]

■ Opinions of the Attorney General are issued for the guidance of state officials acting in their executive capacity, but it is the province of the courts to adjudicate issues of law. *DiNubile v. Kent,* 466 Pa. 572, 353 A.2d 839 (1976). As a result, the statute is controlling and anyone who disagrees with the Attorney General's interpretation of a statute is entitled to challenge his interpretation in a court of law. "Even when law seems to be against appellant, it is always open to him at least to argue that precedent should be overturned." *Commonwealth v. Brady,* 435 Pa. 229, 255 A.2d 537 (1969). Hence, Ardolino's time to challenge the Commission/Attorney General's interpretation of the definition of "soldier" was when he was denied veterans' preference points because the Commission did not consider him a "soldier". The fact that an agency changes its interpretation of a statute does not support a conclusion that those who came in front of the agency before the change are entitled to reap the benefits established by that change.

Ardolino's reliance on representations that he was not entitled to veterans' preference points resulted in his delay in filing his appeal until July 1, 1992. As a result, Ardoli-

---

3. *See* n. 1, supra at 848.

4. A fundamental duty of the Attorney General's office, as provided by Section 732–204(b) of the

Commonwealth Attorneys Act, 71 P.S. § 732–204(b), Act of October 15, 1980, P.L. 950, is to review for form and legality all proposed rules and regulations of Commonwealth agencies.

no's appeal was untimely and was properly dismissed by the Commission.

Accordingly, we affirm the common pleas court's dismissal of Ardolino's appeal.

### ORDER

AND NOW, to wit, this 8th day of May, 1995, the order of the Court of Common Pleas of Allegheny County, at No. SA 267 of 93, dated June 15, 1994, is affirmed.