IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Herm Tuggles,                           :
                    Petitioner          :
                                        :    No.  1744 C.D. 2019
        v.                              :
                                        :    Submitted:  July 24, 2020
Pennsylvania Board of                   :
Probation and Parole,                   :
                    Respondent          :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge[1]
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                                  FILED:  June 2, 2021


        Petitioner Herm Tuggles[2] (Tuggles) petitions for review *nunc pro tunc* of
Respondent Pennsylvania Board of Probation and Parole's[3] (Parole Board or Board)
June 26, 2019 decision, which dismissed, as untimely, his administrative appeal of the
Parole Board's May 11, 2016 decision to recommit him as a convicted parole violator
(Recommitment Order).

---

[1] This case was assigned to the opinion writer before January 4, 2021, when Judge Leavitt
completed her term as President Judge.

[2] Tuggles is currently an inmate at the State Correctional Institution (SCI) at Albion.  (Second
Amended Petition for Review, ¶1.)

[3] Subsequent to the filing of the petition for review, the Pennsylvania Board of Probation and
Parole was renamed the Pennsylvania Parole Board.  *See* Sections 15, 16, and 16.1 of the Act of
December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and
6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa.C.S. §§6101, 6111(a).

The Parole Board has filed a motion to quash the instant appeal as untimely. Tuggles' appointed counsel, Jessica A. Fiscus, Esquire (Counsel), has submitted an application to withdraw, along with a *Turner* letter.[4] Counsel argues that this Court should deny the Parole Board's motion to quash and treat Tuggles' instant petition for review *nunc pro tunc* as timely filed. She asserts that prison officials at SCI-Albion carelessly and negligently hand-delivered the Parole Board's June 26, 2019 decision to another inmate's cell and this, in turn, caused Tuggles' untimely filing in this Court.

With respect to the underlying substantive merits, Counsel argues that the Parole Board erred when it dismissed Tuggles' administrative appeal as untimely because the Parole Board sent notice of its May 11, 2016 Recommitment Order to the wrong prison. Counsel asserts that this mishap constituted a breakdown in the administrative process, which, in turn, caused Tuggles to file his administrative appeal late. Counsel contends that, while Tuggles' administrative appeal should be treated as timely, the underlying issues regarding (1) credit for time spent at liberty on parole; (2) recalculation of maximum sentence; and (3) calculation of backtime are nevertheless

---

[4] The term "*Turner* letter" refers to the seminal case *Commonwealth v. Turner*, in which our Supreme Court "set forth the appropriate procedures for the withdrawal of court-appointed counsel in collateral attacks on criminal convictions." 544 A.2d 927, 927-29 (Pa. 1988). In a *Turner* letter pertaining to a parole violation matter, an attorney seeks leave of court to withdraw representation because "the [violator's] case lacks merit, even if it is not so anemic as to be deemed wholly frivolous." *Commonwealth v. Wrecks*, 931 A.2d 717, 722 (Pa. Super. 2007).

> Such letters are referred to by various names by courts of this Commonwealth. *See, e.g.*, *[Commonwealth] v. Porter*, . . . 728 A.2d 890[, 893] n.2 ([Pa.] 1999) (referring to such a letter as a "'no[-]merit' letter" and noting that such a letter is also commonly referred to as a "*Finley* letter," referring to the Superior Court case *Commonwealth v. Finley*, . . . 479 A.2d 568[, 573] ([Pa. Super.] 1984)); *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) ("*Turner* letter"); *[Commonwealth] v. Blackwell*, 936 A.2d 497[, 499 n.5] (Pa. Super.[ ] 2007) ("*Turner/Finley* letter").

*Hughes v. Pennsylvania Board of Probation & Parole*, 977 A.2d 19, 24 n.2 (Pa. Cmwlth. 2009).

frivolous and without merit. Counsel therefore seeks to withdraw from her representation of Tuggles.

Upon review, we deny the Parole Board's motion to quash Tuggles' *nunc pro tunc* appeal, deny Counsel's application to withdraw, reverse the Parole Board's June 26, 2019 order, and remand the matter to the Parole Board to address the merits of Tuggles' administrative appeal of the Recommitment Order.

**Facts and Procedural History**

On September 10, 2012, the Court of Common Pleas of Philadelphia County (trial court) sentenced Tuggles at Docket Number 12986 of 2011 to an aggregate sentence of 22½ months to 120 months' imprisonment for criminal conspiracy, 18 Pa.C.S. §903(c), and possession with the intent to deliver a controlled substance, 35 P.S. §780-113(a)(30).[5] (Certified Record (C.R.) at 1.) The trial court awarded Tuggles credit for the dates he spent incarcerated on this offense: August 20, 2011, through September 10, 2012. *Id.* Thereafter, on February 11, 2013, the trial court sentenced Tuggles at Docket Number 4692 of 2009, after a probation revocation, to one to two years' imprisonment for possessing an instrument of crime, 18 Pa. C.S. §907(a). (C.R. at 1.) The trial court ordered Tuggles to serve that sentence consecutively to the sentence imposed at Docket Number 12986 of 2011. *Id.* The Department of Corrections calculated that Tuggles' minimum sentence would expire on July 5, 2014, and his maximum sentence would expire on August 20, 2023. *Id.* at 2.

---

[5] Section 13(a)(30) of The Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §780-113(a)(30).

On April 9, 2014, the Parole Board elected to parole Tuggles at the expiration of his minimum sentence on July 5, 2014, to "Board/backtime detainer sentence only, parole release subject to detainers." *Id*. at 4. On May 15, 2014, the Parole Board amended its prior decision to parole Tuggles "to an approved plan upon condition that there are no misconducts." *Id*. at 7. The Parole Board released Tuggles on July 6, 2014, to an approved residence. *Id*. at 8, 9.

On September 27, 2014, the Parole Board issued a warrant to commit and detain Tuggles due to new charges in Philadelphia County for three violations of the Pennsylvania Uniform Firearms Act of 1995,[6] specifically, persons not to possess a firearm, 18 Pa.C.S. §6105, carrying a firearm without a license, 18 Pa.C.S. §6106, and carrying a firearm on the public streets in Philadelphia, 18 Pa.C.S. §6108, for an incident that occurred on September 26, 2014. *Id.* at 12-14. On September 27, 2014, the trial court set bail, which Tuggles never posted. *Id.* at 38.

On October 2, 2014, Tuggles' parole agent recommended that the Parole Board detain him pending the disposition of the new charges, citing the seriousness of the alleged offense, Tuggles' early failure on parole, and the alleged involvement of a weapon. *Id.* at 21. On November 10, 2014, the Parole Board issued a decision to detain Tuggles pending disposition of these new charges. *Id*. at 16.

On November 20, 2015, the trial court found Tuggles guilty on all charges. *Id.* at 47. On January 14, 2016, the trial court sentenced Tuggles to 5 to 10 years' imprisonment for persons not to possess a firearm, a concurrent term of 3 years and 6 months' to 7 years' imprisonment for possessing a firearm without a license, and no further penalty for carrying a firearm in public. *Id.* at 17, 48. The trial court also awarded Tuggles credit for time served. *Id.*

---

[6] 18 Pa.C.S. §§6101-6162.

On March 25, 2016, the Parole Board filed a notice of charges and hearing, in which it sought to revoke Tuggles' parole due to the new convictions. *Id*. at 23. Tuggles waived his right to a revocation hearing and to counsel and admitted to the new convictions on March 31, 2016. *Id*. at 26. Two panel members recommended Tuggles' recommitment to a state correctional institution as a convicted parole violator, the loss of all credit for time spent at liberty on parole, and the service of "24 months (and/or) review." *Id*. at 27-34. The stated reasons for the recommendations included Tuggles' threat to community safety, lack of amenability to parole supervision, and new arrest within three months of his release. *Id*. at 30, 34. The second panel member signed this recommendation on May 3, 2016. *Id*. at 34.

On May 11, 2016, the Parole Board entered a Recommitment Order, recommitting Tuggles to serve 24 months of backtime as a convicted parole violator and adopting the reasons advanced in the hearing report for its decision. *Id.* at 53-54. The Parole Board established Tuggles' parole re-eligibility date as May 3, 2018, and his new maximum date as June 17, 2025. *Id*. at 54. The Parole Board mailed notice of the Recommitment Order to Tuggles on June 17, 2016, to SCI-Graterford – Institution No. KS9026. *Id.* at 55-56.

**Tuggles' Administrative Appeal**

Approximately one year later, Tuggles submitted an Administrative Remedies Form, challenging the May 11, 2016 Recommitment Order. *Id*. at 62. Tuggles' administrative appeal indicated that he was confined at SCI-Albion, Institution #KS8026. *Id.* Tuggles marked the box seeking to advance a "Recommitment Challenge." *Id*. Tuggles' administrative appeal was postmarked on July 3, 2017, and was received by the Parole Board on July 5, 2017. *Id*. at 62-63.

5

On February 26, 2019, the Parole Board notified Tuggles at SCI-Albion, Institution #KS8026, of its decision to reparole him to commence service of a pending state detainer sentence.[7]  *Id.* at 56.  On March 15, 2019, the Parole Board reparoled him to serve his state detainer sentence.  *Id.* at 58-59.

### Parole Board's June 26, 2019 Decision
### Dismissing Tuggles' Administrative Appeal as Untimely

On June 26, 2019, the Parole Board dismissed Tuggles' administrative appeal as untimely, asserting that Tuggles failed to challenge the Parole Board's Recommitment Order within 30 days.  *Id.* at 64.  The Parole Board's June 26, 2019 decision mailed on July 26, 2019, stated that "[i]f you wish to appeal this decision . . . you must file an appellate petition for review with Commonwealth Court within thirty (30) days of the mailing date of the Board's response."  *Id.*

### Tuggles' Petition for Review *Nunc Pro Tunc*
### of the Parole Board's June 26, 2019 Decision

More than two months after the filing deadline, Tuggles submitted a *pro se* letter to this Court, which was docketed on November 4, 2019, seeking review of the Parole Board's June 26, 2019 decision, which dismissed his administrative appeal as untimely.  Addressing only why he failed to challenge the Parole Board's Recommitment Order within 30 days, Tuggles asserted that he did not receive timely notification of the May 11, 2016 Recommitment Order because the Parole Board mailed it to the wrong prison.  Tuggles explained:

---

[7] On the Parole Board's "Order to Release on Parole/Reparole," there is a notation indicating that Tuggles was confined at SCI-Albion and that he had been confined there since his return date of May 3, 2016.  (C.R. at 58.)

> The reason why my [administrative appeal] was late is because my official notice of board decision recorded May 11, 2016 has an error. The error is that my institution # is incorrect (KS-9026). My correct # is KS-8026. I did not receive it in a timely manner so there's no possible way I could have summited [sic] an [administrative appeal] in a timely fashion.

(*Pro Se* Letter, docketed 11/4/19, at 1.)

On November 7, 2019, this Court mailed Tuggles correspondence, providing him with instructions on how to correctly file a petition for review, but also informing him that November 4, 2019, the date that his *pro se* letter was docketed, was preserved as the date of filing of his appeal. In accordance with these instructions, Tuggles filed his Ancillary Petition for Review *Nunc Pro Tunc* on December 11, 2019. On January 2, 2020, this Court appointed the Erie County Public Defender's Office to represent Tuggles and directed Counsel to file an amended petition for review, if necessary, within 30 days.

On January 22, 2020, the Parole Board filed a motion to quash/application to stay, wherein it asserted that Tuggles failed to timely appeal its June 26, 2019 decision to this Court. By Order dated January 29, 2020, we directed the Board to transmit the record to this Court and denied the Parole Board's motion to quash without prejudice pending receipt of the record.

On April 20, 2020, Counsel filed a second amended petition for review, which addressed the Parole Board's motion to quash. Counsel explained that "prison officials negligently mis-delivered [Tuggles'] mail from [the Parole Board] to another inmate, thereby resulting in a delay in filing the petition for review." (Second Amended Petition for Review, ¶8.) Counsel explained that Tuggles immediately filed the instant petition for review when the mail came into his possession. *Id*. Counsel attached a copy of a letter from Tuggles to her explaining the mishap. Therein, Tuggles stated:

The reason for the delay is because my mail ended up in another inmates [sic] cell. The [Parole B]oard did not send it directly to the jail, where I would have to sign to receive it like I just did with your incoming mail. They sent it to "Smart Communications" where once it gets to the jail the CO's [sic] passes [sic] it out as regular mail. At my institution regular mail is distributed carelessly meaning it is not for certain that you will receive it.

In other words it is due to "government interference." . . . Once the mail got in my possession I immediately responded to it. For I have been waiting for a response for 2 years.

(Second Amended Petition for Review, Exhibit "B.")

On March 31, 2020, Counsel filed an application to withdraw and a *Turner* letter. Counsel argues that this Court should allow the instant appeal to proceed because Tuggles' allegations in his correspondence suggest that the negligence of third parties, namely, the individuals associated with the distribution of mail inside SCI-Albion, affected his timely receipt of the Parole Board's June 26, 2019 decision. (*Turner* Letter at 4-5.)

With regard to the timeliness of Tuggles' administrative appeal from the Parole Board's Recommitment Order, Counsel argues Tuggles' untimeliness should be excused because the Parole Board placed the incorrect inmate identification number on his Recommitment Order – which resulted in it going to the wrong prison. *Id*. at 5-6.

Despite her opinion that Tuggles' second amended petition for review and his administrative appeal were both timely filed, Counsel nevertheless seeks leave to withdraw from representing Tuggles because she believes the underlying claims raised in Tuggles' appeal lack merit. Counsel advances three arguments, which she claims are "arguably subsumed within the challenge broadly identified by [Tuggles'] Recommitment Challenge in the Administrative Remedies Form." *Id*. at 6 n.3.

8

First, Counsel explains that, after review, she has determined that the Parole Board did not err when it refused to award credit to Tuggles for time that he spent at liberty on parole. *Id*. at 6-7. Second, Counsel concludes that the Parole Board did not err when it established the custody for return date, which affected the recalculation of Tuggles' maximum sentence. *Id*. at 7-8. Third, Counsel concludes that there is no factual or legal basis to support the argument that the Parole Board erred in the calculation of Tuggles' backtime. *Id*. at 8-9.

### Board's Motion to Quash Tuggles' *Appeal to This Court* as Untimely

We address first whether Tuggles has established grounds for the allowance of a *nunc pro tunc* petition for review in this Court.

Pursuant to Pennsylvania's Judicial Code, a petitioner must file a petition for review with this Court within 30 days after the entry of a Parole Board order denying his petition for administrative review. *See* 42 Pa.C.S. §763. Pennsylvania Rule of Appellate Procedure 1512(a)(1), Pa.R.A.P. 1512(a)(1), also provides that "[a] petition for review of a quasijudicial order . . . shall be filed with the prothonotary of the appellate court **within 30 days** after the entry of the order." (Emphasis added.) This rule applies to appeals from decisions of the Board. *Hill v. Pennsylvania Board of Probation & Parole*, 683 A.2d 699, 701 (Pa. Cmwlth. 1996). Tuggles did not file his petition for review with this Court until 70 days after the Parole Board's decision was mailed on July 26, 2019, and, therefore, it is untimely.

However, in very limited circumstances, the 30-day appeal period can be extended to allow for *nunc pro tunc* appeals. The law regarding *nunc pro tunc* appeals is well-established and "failure to timely appeal an administrative agency's action is a jurisdictional defect; consequently, the time for taking an appeal cannot be extended as

9

a matter of grace or mere indulgence." *H.D. v. Department of Public Welfare*, 751 A.2d 1216, 1219 (Pa. Cmwlth. 2000) (citations omitted). A *nunc pro tunc* appeal may be allowed where extraordinary circumstances involving fraud or some breakdown in the administrative process caused the delay in filing, or where non-negligent circumstances related to the petitioner, his or her counsel, or a third party caused the delay. *Cook v. Unemployment Compensation Board of Review*, 671 A.2d 1130 (Pa. 1996). A party seeking permission to file a *nunc pro tunc* appeal also needs to establish that: (1) he filed the appeal shortly after learning of and having an opportunity to address the untimeliness; (2) the elapsed time is one of very short duration; and (3) the respondent will not suffer prejudice due to the delay. *H.D.*, 751 A.2d at 1219. The question of whether the appealing party established entitlement to a *nunc pro tunc* appeal is a legal conclusion to be drawn from the evidence in the record and is fully reviewable by this Court. *Id.*

Several circumstances have been held to constitute grounds for the allowance of a *nunc pro tunc* appeal in the prison setting. The failure of the Parole Board to serve either the offender or the offender's counsel of record with a copy of the Parole Board's decision on the offender's administrative appeal or petition for administrative review constitutes a breakdown in the administrative process entitling the offender to a *nunc pro tunc* appeal. *Calcagni v. Pennsylvania Board of Probation & Parole*, 582 A.2d 1141 (Pa. Cmwlth. 1990). Similarly, the offender's failure to receive a copy of the Parole Board's administrative appeal or review decision resulting from the Parole Board sending the decision to the wrong address will also serve as grounds for a *nunc pro tunc* appeal. *Moore v. Pennsylvania Board of Probation & Parole*, 503 A.2d 1099 (Pa. Cmwlth. 1986). Even where the Parole Board does properly mail out its notice of an administrative appeal or review decision but, as a

result of the negligence of prison officials in failing to timely forward the offender's mail, the offender does not receive that decision in time to file a timely appeal, a *nunc pro tunc* appeal will be allowed. *Bradley v. Pennsylvania Board of Probation & Parole*, 529 A.2d 66 (Pa. Cmwlth. 1987).

Here, the certified record establishes that the Parole Board sent notice of its June 26, 2019 decision dismissing Tuggles' administrative appeal to SCI-Albion, where Tuggles was confined. As Counsel points out, the Parole Board's regulations do not require the Parole Board to mail a decision in a fashion that requires the recipient to sign for it. Therefore, it is difficult to suggest that the Parole Board failed to properly send notice of its decision or that a breakdown on the part of its operations was responsible for the late filing of this appeal. However, the allegations in Tuggles' correspondence to Counsel do suggest negligence or an administrative breakdown ***on the part of the prison*** by delivering his mail to another inmate. The Parole Board has not countered with any evidence or argument that the delay in Tuggles' receipt of the Parole Board's June 26, 2019 decision was his fault. Nor has the Parole Board indicated in its motion to quash that it was prejudiced by a three-month delay. A review of the Parole Board's June 26, 2019 decision indicates, consistent with Tuggles' account, that it was sent to "Smart Communications/PADOC" at P.O. Box 33028, St. Petersburg, Florida. (C.R. at 64.) We accept Counsel's argument that the delay was not due to inaction on the part of Tuggles. *See Bradley.* Tuggles' letter to Counsel indicates that "[o]nce the mail got in [his] possession [he] immediately responded to it . . . because he had been waiting for a response for 2 years." (Second Amended Petition for Review, Exhibit "B.") Because we conclude that Tuggles has established a breakdown in the administrative process, that he filed his appeal shortly after learning of and having an opportunity to address the untimeliness, the lapsed time was of a short

11

duration, and the Parole Board does not indicate that it has or will suffer prejudice by the three-month delay, we deny the Parole Board's motion to quash.

## Counsel's Petition to Withdraw

Before examining the merits of Tuggles' second amended petition for review, we must consider Counsel's petition to withdraw and determine whether she has satisfied the requirements that appointed counsel must meet before leave to withdraw may be granted. *Seilhamer v. Pennsylvania Board of Probation & Parole*, 996 A.2d 40, 42-44 (Pa. Cmwlth. 2010). In that regard, the following is well established:

> A court-appointed counsel who seeks to withdraw representation because issues raised by the petitioner are frivolous must fulfill the following technical requirements: (1) he must notify [the] parolee of [the] request to withdraw; (2) he must furnish [the] parolee with a copy of an *Anders* [*v. California*, 386 U.S. 738 (1967),] brief or no-merit letter; and (3) he must advise [the] parolee of his right to retain new counsel or raise any new points that he might deem worthy of consideration.

*Banks v. Pennsylvania Board of Probation & Parole*, 827 A.2d 1245, 1248 (Pa. Cmwlth. 2003) (footnote omitted). Further, "[c]ounsel's brief or no-merit letter must set forth: (1) the nature and extent of his review of the case; (2) the issues the parolee wishes to raise on appeal; and (3) counsel's analysis concluding that the appeal has no merit and is frivolous." *Encarnacion v. Pennsylvania Board of Probation & Parole*, 990 A.2d 123, 126 (Pa. Cmwlth. 2010) (citations omitted). Where, as here, there is no constitutional right to counsel, counsel may satisfy his or her obligations by filing a no-merit letter and the standard is whether the claims on appeal are without merit. *Seilhamer*, 996 A.2d at 42 n.4.

Here, the record reflects that, in her *Turner* no-merit letter, Counsel informed Tuggles of her request to withdraw, provided him with a copy of the *Turner* letter that details Counsel's review of the issues and the reasons why Counsel concluded those issues are meritless, and advised Tuggles of his right to retain new counsel or raise any new points he might deem worthy of consideration. Because Counsel has satisfied the procedural requirements for withdrawal, the Court will independently review the merits of Tuggles' appeal.

Tuggles raises four issues for our consideration: (1) whether the Parole Board erred by dismissing his administrative appeal as untimely; (2) whether the Parole Board erred when it refused to award credit to Tuggles for the time that he spent at liberty on parole; (3) whether the Parole Board erred when it established the custody for return date which affected the recalculation of Tuggles' maximum sentence; and (4) whether the Parole Board erred in the calculation of Tuggles' backtime.

### Whether the Parole Board Erred by Dismissing Tuggles' *Administrative Appeal* as Untimely

Counsel first addresses Tuggles' claim that the Parole Board erred by dismissing his administrative appeal as untimely. Counsel argues that Tuggles should have been permitted to file his administrative appeal to the Parole Board *nunc pro tunc* because he did not receive proper notice of the Recommitment Order. Counsel argues that the Recommitment Order was improperly mailed to institution #KS9026 (Graterford), and that Tuggles was incarcerated at institution # KS8026 (Albion). (C.R. at 54.) The Parole Board does not dispute this. As noted, the record confirms this fact as well.

Parole Board regulations provide that an application for administrative relief must be filed within 30 days of the date that the Parole Board's decision was

13

mailed to the inmate. *Lawrence v. Pennsylvania Board of Probation & Parole*, 145 A.3d 799, 803 (Pa. Cmwlth. 2016); *Maldonado v. Pennsylvania Board of Probation & Parole*, 492 A.2d 1202 (Pa. Cmwlth. 1985). *See also* Section 6113(d) of the Prisons and Parole Code, 61 Pa.C.S. §6113(d) and 37 Pa. Code §73.1(b)(1) ("Petitions for administrative review shall be received at the Board's Central Office within 30 days of the mailing date of the Board's determination."). A *nunc pro tunc* appeal of an administrative action will be allowed where there is a showing of a breakdown in the administrative process. *Ardolino v. City of Pittsburgh Civil Service Commission*, 658 A.2d 847 (Pa. Cmwlth. 1995).

In *Moore*, the petitioner did not receive notice of the Parole Board's recommitment decision until three months after the decision was made because notice was sent to SCI-Graterford and he was incarcerated in the Philadelphia County Prison. The Parole Board conceded that fact but argued that adequate notice had been given because the decision was also sent to the Philadelphia public defender's office, which had represented the petitioner in the recommitment proceedings. However, the record disclosed that the decision was sent either to an attorney other than the one who had represented the petitioner or to a clerical employee. This Court agreed with the Parole Board that a mere allegation of failure to **receive** notice is insufficient cause for allowing a *nunc pro tunc* appeal. However, we observed "the law also holds that a failure to properly **send** a notice may amount to a breakdown in operations which is the equivalent of negligence on the part of administrative officials." *Id.* at 1101 (emphasis in the original). In that case, we held that the misdirection of the recommitment decision to the incorrect address amounted to negligence and as result of the misdirection, the petitioner failed to receive proper notice of the Parole Board's decision.

In the present case, as in *Moore*, the Recommitment Order itself, (C.R. at 54), demonstrates that a copy of the order was sent only to institution #KS9026 (Graterford), and not to institution #KS8026 (Albion), where Tuggles was incarcerated. That fact constitutes a violation of the requirements of 37 Pa. Code §71.4(8) (requiring that a copy of the recommitment order be transmitted to parolee), and it amounts to negligence on the part of administrative officials. *Calcagni.* In our view, the certified record in this case demonstrates that Tuggles was not timely notified of the Parole Board's Recommitment Order. Accordingly, there is no record basis for dismissal of the administrative relief request as untimely. The Parole Board's decision in that respect is reversed, and this matter is remanded to the Parole Board for consideration of Tuggles' administrative appeal on its merits based on the following additional analysis.

**Whether this Court Can Review
the Remaining Three Issues on Appeal**

In reviewing Counsel's petition to withdraw, we must make an independent evaluation of the Parole Board's actions and the manner in which the Parole Board conducted the proceedings to determine whether a parolee's appeal is without merit.[8] *Dear v. Pennsylvania Board of Probation & Parole*, 686 A.2d 423, 426 (Pa. Cmwlth. 1996). For the reasons that follow, we conclude that Tuggles' administrative appeal must first be decided by the Parole Board before we can exercise our appellate jurisdiction.

---

[8] Our scope of review is limited to determining whether constitutional rights were violated, errors of law were committed, or findings of fact were supported by substantial competent evidence. *McCaskill v. Pennsylvania Board of Probation & Parole*, 631 A.2d 1092, 1094 n.2 (Pa. Cmwlth. 1993).

When the Parole Board revokes a parolee's parole and orders him to serve backtime, there must first be a revocation hearing before either a panel of hearing examiners from the Parole Board or, in the alternative, by one hearing examiner if the parolee waives his right to have his case heard by the panel. 37 Pa. Code §71.2(13). Subsequent to an unfavorable determination by the panel as a result of the fact-finding and hearing phase, the parolee may appeal to the Parole Board for administrative review of the panel's decision. 37 Pa. Code §73.1. Therefore, there is a bifurcated system, within the Parole Board, of conducting fact-finding proceedings and reviewing those proceedings for errors in an appellate capacity.

This Court has jurisdiction over final decisions from the Parole Board only after the Parole Board acts in its appellate capacity. Section 763(a) of the Judicial Code confers exclusive jurisdiction upon the Commonwealth Court over "appeals from final orders of government agencies." 42 Pa.C.S. §763(a). The Parole Board is a statewide agency of the Commonwealth. In order for a decision of the Parole Board to be final, for purposes of appellate review, the Parole Board must issue a final decision on the merits of a parolee's claims after its own appellate review of that particular case. This Court and our Supreme Court have consistently held that litigants must exhaust their administrative remedies, where such remedies are available, before their right to judicial review comes into being, and courts should defer judicial review when the question presented is one within an agency's specialization. *Shenango Valley Osteopathic Hospital v. Department of Health*, 451 A.2d 434 (Pa. 1982); *Delaware Valley Convalescent Center v. Beal*, 412 A.2d 514 (Pa. 1980); *Killian v. Unemployment Compensation Board of Review*, 405 A.2d 1372 (Pa. Cmwlth. 1979).

In the instant case, the Parole Board conducted a parole revocation hearing. After making findings of fact and conclusions of law, the examiner

16

determined that Tuggles should be recommitted to serve 24 months of backtime. Tuggles filed an appeal from the Recommitment Order to the Parole Board for administrative review pursuant to 37 Pa. Code §73.1. On June 26, 2019, without considering the merits, the Parole Board dismissed his appeal as untimely filed. Therefore, the Parole Board has yet to render a final decision regarding the merits of Tuggles' remaining three issues involving credit for time spent on parole, recalculation of his maximum sentence, and calculation of his backtime. At this time, there is no final order on these issues for us to either affirm, reverse, modify, or vacate. The only order that does exist is the Parole Board's June 26, 2019 final determination as to the timeliness of Tuggles' administrative appeal and that order is the only final determination upon which we can act at this time. Additionally, we have consistently held that, when this Court reverses the Parole Board's determination that a parolee's administrative appeal was untimely, the case must be remanded to the Parole Board for a determination on the merits. *Calcagni*, 582 A.2d at 1143-44; *Lewis v. Pennsylvania Board of Probation & Parole*, 508 A.2d 644, 646 (Pa. Cmwlth. 1986); *Coach v. Pennsylvania Board of Probation & Parole*, 472 A.2d 280, 282 (Pa. Cmwlth. 1984).

Consequently, we are unable to grant Counsel's petition to withdraw. Tuggles' first issue challenges the Parole Board's determination that his administrative appeal was untimely. As explained above, we agree with Tuggles on this point. Therefore, Tuggles' appeal cannot be frivolous if one of the issues he raises is meritorious. Although a remand would, as a practical matter, have the effect of dismissing Counsel's appointment for purposes of this appeal, it would be clear error to grant her petition to withdraw when Tuggles' appeal was meritorious.

Accordingly, we reverse the June 26, 2019 order of the Parole Board and remand to the Parole Board for it to consider the merits of Tuggles' administrative

17

appeal. Additionally, because Tuggles' appeal does not lack merit, Counsel's petition to withdraw from her appointed representation is denied.


_____
PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Herm Tuggles,                          :
          Petitioner       :
                              :   No.   1744 C.D. 2019
          v.                 :
                              :
Pennsylvania Board of                  :
Probation and Parole,                  :
          Respondent      :

## ***ORDER***

AND NOW, this 2nd day of June, 2021, the June 26, 2019 order of the Pennsylvania Board of Probation and Parole, dismissing Herm Tuggles' request for administrative relief as untimely, is hereby reversed, and the matter is remanded for consideration of the request on its merits.  Additionally, the petition to withdraw as counsel, filed by Herm Tuggles' counsel, Jessica A. Fiscus, Esquire, is denied.

Jurisdiction relinquished.

_____
PATRICIA A. McCULLOUGH, Judge