559 A.2d 1024

**Anthony BELLOCHIO, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 24, 1989.

Decided June 9, 1989.

420

Joseph P. Green, Jr., Duffy & Duffy, West Chester, for petitioner.

Robert A. Greevy, Chief Counsel, Arthur R. Thomas, Asst. Chief Counsel, Harrisburg, for respondent.

Before CRUMLISH, Jr., President Judge, and COLINS, J., and NARICK, Senior Judge.

## OPINION

CRUMLISH, Jr., President Judge.

Anthony Bellochio has filed a petition for review in this Court's original jurisdiction seeking an order directing the respondent Pennsylvania Board of Probation and Parole

(Board) to remove a detainer it has lodged against him. The Board has filed a preliminary objection to Bellochio's petition in the nature of a demurrer,[1] which we sustain for the reasons set forth below.

On August 31, 1984, Bellochio was paroled from a two-to-four year sentence served in the Delaware County prison.[2] On September 11, 1985, Bellochio was rearrested on a Board warrant, convicted of a federal drug offense and sentenced on January 30, 1986, to serve five years in a federal prison. On March 24, 1986, he was sentenced to serve six months at the Delaware County prison for assault. Bellochio was then recommitted as a convicted parole violator[3] and returned to the Delaware County prison to serve his backtime on May 6, 1987, when his federal sentence was vacated.

On July 17, 1987, an additional federal sentence was imposed and Bellochio was returned to federal custody. The Board lodged a new detainer with the federal authorities, seeking Bellochio's return at the expiration of his federal sentence to complete his backtime and new state sentence.

Bellochio seeks an order declaring the most recent detainer invalid. In support of its demurrer, the Board argues that Bellochio's failure to aver no adequate remedy at law bars relief. The Board suggests that Bellochio could have appealed the lodging of the detainer with federal authorities, however, it fails to cite a statute or regulation permitting an appeal of the Board's action in lodging a detainer.[4]

1. Bellochio's brief was accompanied by a motion for extension of time. The motion was granted. The Board has filed a motion for extension of time to file a reply brief. The motion is denied.

2. The Board has exclusive power to parole and recommit for parole violations and sentences exceeding two years. Section 8 of the Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. § 331.17.

3. Neither Bellochio nor the Board has stated how much backtime was imposed.

4. Absent authority permitting this type of appeal, we will address the petition to our original jurisdiction pursuant to Section 761 of the Judicial Code, 42 Pa.C.S. § 761.

The Board also contends that the petition fails to state a claim upon which relief may be granted. We agree.

■■■■ The Board is authorized to lodge a detainer when a prisoner is incarcerated in another jurisdiction and the Board seeks his return to serve backtime. The prisoner is thus returned at the expiration of his term in the other jurisdiction. *See* 37 Pa.Code § 71.1(a), (e) and § 71.5(a). To effectively remove a detainer, the petitioner must show that there is no reason for him to be returned to Board custody or that the detainer was illegally lodged. Bellochio maintains that the Board misinterpreted the order directing him to serve his federal and state sentences and that the Board relinquished jurisdiction over him following his return to federal custody in July, 1987.

Section 21.1(a) of the Act of August 6, 1941,[5] governs the order in which sentences and backtime are served. Backtime is served before the commencement of the new sentence in two instances: (1) if the parolee was paroled from a state penal institution and the new sentence is to be served in a state penal institution; (2) if the parolee was paroled from a county penal institution and the new sentence is to be served there. In all other cases, Section 21.1(a) provides that the new sentence is to be served before backtime.

■■■■ Bellochio argues that the Board erroneously surrendered him to federal custody in violation of Section 21.1(a), and maintains that the two provisions in Section 21.1(a) conflict in his case.

■■■■ We perceive no conflict. On the question of whether petitioner should serve his county or federal sentences first, Section 21.1(a) provides that the federal sentence must take precedence. *Cf. Pugh v. Pennsylvania Board of Probation and Parole*, 45 Pa.Commonwealth Ct. 41, 404 A.2d 776 (1979) (federal sentence to be served before backtime on state sentence). On the question of whether, when he is in state custody, a parolee is to begin serving his backtime or

5. P.L. 861, *as amended,* added by the Act of August 24, 1951, P.L. 1401 *as amended,* 61 P.S. § 331.21a(a).

his new sentence, Section 21.1(a) requires that backtime be served first.

Bellochio next argues that the Board lost jurisdiction over him when it returned him to federal custody in July 1987. However, it is well settled that either sovereign may voluntarily surrender a prisoner to the other without loss of jurisdiction and without the prisoner's consent. *Commonwealth v. Liscinsky*, 195 Pa.Superior Ct. 183, 171 A.2d 560 (1961); *see also Lindsay v. United States*, 453 F.2d 867 (3d Cir.1972), *cert. denied*, 406 U.S. 925, 92 S.Ct. 1796, 32 L.Ed.2d 127 (1972).

Bellochio further contends that the Interstate Agreement on Detainers (IAD), 18 U.S.C.App.; 42 Pa.C.S. §§ 9101–9108,[6] entitles him to an immediate Board hearing.

The IAD, however, pertains only to *untried* indictments, informations and complaints. In this case, when Bellochio was sent to Delaware County after his federal sentence was vacated and again when he was returned to federal custody, all charges had been resolved, sentences had been imposed and backtime assessed. *Cf. Moody v. Daggett*, 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976) (no constitutional entitlement to immediate parole revocation hearing where a parole violator warrant was issued and lodged with the confining institution as a detainer); *United States v. Dobson*, 585 F.2d 55 (3d Cir.1978), *cert. denied*, 439 U.S. 899, 99 S.Ct. 264, 58 L.Ed.2d 247 (1978) (IAD does not apply to parole violators awaiting parole revocation). Moreover, the interjurisdictional transfers in this case were proper. When the federal sentence was reimposed, the Board returned Bellochio to federal custody, consistent with

---

**6.** Under this agreement, if a state wishes to try a person serving a sentence in another jurisdiction, a detainer is lodged with the prison authorities in the other jurisdiction. The IAD provides a mechanism for prompt resolution of pending charges. *United States v. Mauro*, 436 U.S. 340, 359, 98 S.Ct. 1834, 1846, 56 L.Ed.2d 329 (1978). Article III(d) of the IAD also prohibits endless shuttling of a prisoner between jurisdictions, and preserves the right to a speedy trial. *Id.* at 359, 98 S.Ct. at 1846.

the Section 21.1(a) requirements that the federal sentence be served first.

█ Finally, Bellochio argues the Board should have provided notice and hearing before his return to federal custody in 1987. There is no right to notice and hearing before transfer to another prison. *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed._d 813 (1983); *Meachum v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976).

Because Bellochio alleges no facts that would show that the Board's detainer is illegal, the Board's preliminary objection in the nature of a demurrer must be sustained.

## ORDER

Respondent's motion for extension of time to file a reply brief is denied and respondent's preliminary objection in the nature of a demurrer is sustained. The petition for review is dismissed.