

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-8-2006

# Massaquoi v. Smith

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4612

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Massaquoi v. Smith" (2006). *2006 Decisions.* Paper 1146.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1146

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4612
_____

SA'EED MASSAQUOI,
<u>Appellant</u>
vs.

JOSEPH SMITH

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 05-cv-01593)
District Judge: Honorable Sylvia H. Rambo

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
April 21, 2006
Before:  SCIRICA, <u>Chief</u> <u>Judge</u>, WEIS and GARTH, <u>Circuit</u> <u>Judges</u>

(Filed May 8, 2006)
_____

OPINION
_____

PER CURIAM.

Sa'eed Massaquoi appeals the dismissal of his petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2241.  For the reasons set forth herein, we will summarily

affirm the judgment of the District Court.

1

On January 9, 2003, while confined at the United States Penitentiary at Lewisburg, Pennsylvania, Massaquoi filed a petition for a writ of habeas corpus in the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 2241. In his petition, Massaquoi, who had been recommitted to Pennsylvania state prison as a technical parole violator, argued that the Pennsylvania Board of Probation and Parole ("PBPP") had relinquished its jurisdiction over him by transferring him to federal custody to serve a federal sentence for a crime committed while he was on parole. Massaquoi claimed that PBPP therefore was without authority to lodge a detainer against him and that the Federal Bureau of Prisons ("BOP") should not have accepted the detainer. The District Court denied the motion, holding that Massaquoi had failed to exhaust the administrative remedies available to him through the BOP, and that while he had exhausted available state remedies, his claim was deemed premature by PBPP. The Court further noted that Massaquoi's claim was substantively without merit, as the same argument had previously been rejected by the Commonwealth Court of Pennsylvania.

Massaquoi then filed a motion to alter or amend the judgment requesting that the Court deny the petition without prejudice so that he could file another § 2241 petition upon exhaustion of his administrative remedies. The Court denied the motion as unnecessary, explaining that it had denied the first petition for failure to exhaust and as premature, rather than on the merits. Massaquoi did not appeal, but instead proceeded to exhaust his administrative remedies and then file the instant § 2241 petition, which raised

2

essentially the same claim as the first. In a September 9, 2005 order, the District Court denied this petition, holding that it had denied the first petition on the merits, and therefore, that this petition was successive. Massaquoi filed the instant appeal. Respondent has filed a motion for summary affirmance.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Because this appeal presents no "substantial question," we will summarily affirm the judgment of the District Court.  3d Cir. LAR 27.4 & I.O.P. 10.6.

According to the District Court's opinion regarding the first § 2241 petition, Massaquoi was paroled from a Pennsylvania state court sentence on July 27, 1998. He was then recommitted to Pennsylvania state prison as a technical parole violator on July 14, 1999. While still in state custody, Massaquoi was produced in federal court pursuant to a federal writ of habeas corpus ad prosequendum for sentencing on federal charges related to crimes committed while on parole in 1998. He received a sentence of 646 months, and was then returned to Pennsylvania state prison to serve the back-time ordered by PBPP. His federal sentence was lodged as a detainer.

On February 27, 2001, prior to completion of his parole violation term, Massaquoi was returned to federal prison to begin serving the 646 month sentence. Because Massaquoi did not receive state credit for the time served between July 13, 1999 and February 27, 2001, this time was credited to his federal sentence. On April 11, 2001, PBPP lodged a detainer with the BOP for his parole violation time. Massaquoi maintains

3

that this detainer was invalid because PBPP relinquished jurisdiction over him by releasing him to the custody of federal authorities to serve his federal sentence prior to completion of his state sentence. He further argues that the BOP erred in accepting the detainer.

The District Court dismissed Massaquoi's second § 2241 petition as successive. Appellee urges this Court to summarily affirm the District Court's judgment on that basis. While § 2241 petitions are not subject to the gatekeeping mechanism of § 2244, see Zayas v. INS, 311 F.3d 247 (3d Cir. 2002), a petitioner may not raise a claim in a second or successive § 2241 petition that has been resolved on the merits in a prior petition. See Valona v. United States, 138 F.3d 693, 695 (7th Cir. 1998). In the instant case, however, Massaquoi's first § 2241 petition, in the words of the District Court, was denied "(1) for failure to exhaust administrative remedies and (2) as premature." See District Court Order, Civ. No. 03-cv-00055, July 27, 2004. As the Court itself recognized, this does not constitute a dismissal on the merits. See id. See also Slack v. McDaniel, 529 U.S. 473, 485-86 (2000) ("A habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition."); Christy v. Horn, 115 F.3d 201, 208 (3d Cir. 1997) (same).

While we therefore conclude that the District Court erred in dismissing Massaquoi's second petition as successive, we nonetheless affirm the judgment of the

4

District Court based on other grounds.

Pennsylvania law provides that a federal sentence for a crime committed by a parolee while on parole from a state sentence must be served before any time ordered in connection with the parolee's re-commitment. See 61 Pa. Stat. § 331.21a(a); see also Bellochio v. Commonwealth, 559 A.2d 1024, 1026 (Pa. Commw. Ct. 1989). As noted earlier, Massaquoi did not receive state credit for any of the time served between July 13, 1999, when he was recommitted, and February 27, 2001, when he was transferred to the custody of the BOP. All of this time was credited to his federal sentence. In relinquishing custody of Massaquoi to the BOP to serve his federal sentence before beginning to serve backtime for his parole violation, the PBPP was following the mandate of state law and did not relinquish jurisdiction over Massaquoi or otherwise surrender any right to place a detainer on him pending completion of his federal sentence. See Bellochio, 559 A.2d at 1026-27 (noting that "it is well settled that either sovereign may voluntarily surrender a prisoner to the other without loss of jurisdiction").

Accordingly, because this appeal presents no "substantial question," we will summarily affirm the judgment of the District Court.