# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mark Lawrence, : 
: 
Petitioner : 
: 
v. : No. 1192 C.D. 2015
: Submitted: April 15, 2016
Pennsylvania Board of :
Probation and Parole, :
:
Respondent :

BEFORE: HONORABLE P. KEVIN BROBSON, Judge
HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS** **FILED: July 13, 2016**

Mark Lawrence (Inmate) petitions, *pro se*, for review of a determination of the Pennsylvania Board of Probation and Parole (Board) that denied his petition for administrative review of the Board's recalculation of his maximum sentence date. For the following reasons, we affirm the Board's decision as modified by its subsequent October 2015 determination recalculating Inmate's maximum sentence date as November 6, 2016.

In 2002, Inmate was sentenced to a total of four to eight years of incarceration for Manufacture, Sale, Delivery or Possession with the Intent to Deliver a Controlled Substance and Carrying a Firearm Without a License. (Certified Record (C.R.) at 1, Sentence Status Summary.) The original maximum date for this sentence was March 29, 2008. (*Id.*) On April 5, 2004, Inmate was released on parole. (C.R. at 10, Order to Release on Parole.) At the time of his

release, Inmate had 3 years and 359 days remaining on his original sentence. On February 8, 2005, Inmate was arrested on state criminal charges of attempted theft and the Board lodged a detainer against him. (C.R. at 16-17, MC-51-CR-0202111-2005 Philadelphia County Municipal Court Criminal Docket; C.R. at 11, 2/8/05 Board Detainer.) On April 13, 2005, those criminal charges were withdrawn, and the Board released Inmate on May 12, 2005. (C.R. at 17, MC-51-CR-0202111-2005 Philadelphia County Municipal Court Criminal Docket; C.R. at 100, Department of Corrections (DOC) Moves Report.)

On December 7, 2005, Inmate was arrested on different state criminal charges, including illegal possession of firearms. (C.R. at 20-21, MC-51-CR-1205341-2005 Philadelphia County Municipal Court Criminal Docket.) On December 14, 2005, the Board lodged a detainer against Inmate, and, by decision mailed February 16, 2006, the Board recommitted him as a technical parole violator for failure to report his arrest within 72 hours. (C.R. at 14, 12/14/05 Board Detainer; C.R. at 46-47, 2/16/06 Notice of Board Decision.) On February 28, 2006, Inmate was indicted in United States District Court for the Eastern District of Pennsylvania on federal firearms charges, and the state charges were thereafter withdrawn on March 21, 2006. (C.R. at 54-55, Federal Court Docket; C.R. at 22, 26, MC-51-CR-1205341-2005 Philadelphia County Municipal Court Criminal Docket.) On June 14, 2007, a federal jury found Inmate guilty of three counts of Convicted Felon in Possession of a Firearm. (C.R. at 28, Federal Court Judgment; C.R. at 64, Federal Court Docket.) On April 30, 2008, the federal court sentenced Inmate to serve terms of 98 months in federal prison on each count, "all to run concurrently to each other," with the recommendation that Inmate "receive credit

for all time served while in federal custody on this matter." (C.R. at 28-29, Federal Court Judgment.)

On June 10, 2008, the Board held a parole revocation hearing based on Inmate's federal convictions. (C.R. at 87-97, Revocation Hearing Transcript.) By decision mailed July 16, 2008 and re-mailed to Inmate at the federal correctional institution where he was incarcerated on September 15, 2008, the Board recommitted Inmate as a convicted parole violator to serve backtime at the completion of, or parole from, his federal sentence. (C.R. at 99, 7/16/08 Notice of Board Decision.) Inmate did not file any appeal from that parole revocation decision.

Inmate completed serving his federal sentence on January 19, 2014, but remained in federal custody until October 10, 2014 as a result of a federal administrative error. (Supplemental Certified Record (Supp. C.R.) at 2a, Federal Bureau of Prisons Notification.) On October 11, 2014, Inmate was returned to a state correctional institution. (C.R. at 100, DOC Moves Report.) By decision mailed November 3, 2014, the Board recalculated Inmate's maximum sentence date to September 27, 2017, based on the conclusion that Inmate was entitled to credit for the periods from February 8 to May 12, 2005, December 14, 2005 to March 22, 2006, and April 7 to October 4, 2006, when he was either confined solely on the Board's detainer or received no credit against his federal sentence. (C.R. at 103, 11/3/14 Notice of Board Decision; C.R. at 101-102, 10/14/14 Order to Recommit.) Inmate filed a petition for administrative review challenging this recalculation decision. (C.R. at 109-114, Inmate's 11/12/14 Administrative Remedies Form.) By decision mailed February 5, 2015, the Board modified Inmate's maximum sentence date to July 28, 2017, based on its conclusion that

3

Inmate was entitled to credit for an additional period of confinement from May 16 to July 15, 2007, for which he received no credit against his federal sentence. (C.R. at 106, 2/5/15 Notice of Board Decision; C.R. at 104-105, 1/28/15 Order to Recommit.) Based on this recalculation, the Board on February 9, 2015 dismissed Inmate's petition for administrative review of the 2014 recalculation decision as moot. (C.R. at 115, Board Dismissal Letter.)

On February 25, 2015, Inmate filed a petition for administrative review challenging the February 5, 2015 recalculation of his maximum sentence date. (C.R. at 116-127, Inmate's 2/25/15 Administrative Remedies Form.) On June 25, 2015, the Board affirmed the February 5, 2015 recalculation decision. (C.R. at 140-141, Board Decision.)[1] On July 8, 2015, Inmate filed the instant petition for review appealing the Board's June 25, 2015 decision to this Court. On October 15, 2015, while this appeal was pending, the Board issued a further recalculation reducing Inmate's maximum sentence date to November 6, 2016, based on the determination that Inmate was entitled to an additional backtime credit for the 265-day period in 2014 when he was erroneously held in federal custody after completion of his federal sentence. (Supp. C.R. at 6a, 10/15/15 Notice of Board Decision; Supp. C.R. at 3a-4a, 10/6/15 Order to Recommit.) Inmate has also filed a petition for administrative review of that recalculation decision (Supp. C.R. at 7a-29a, Inmate's 10/28/15 Administrative Remedies Form), but the Board has not acted on the petition for administrative review of the October 2015 recalculation as a result of this pending appeal.

---

[1] Inmate had originally included in his appeal a challenge to the denial of backtime credit for the period of his parole when he was in a community corrections facility (C.R. at 121, Inmate's 2/25/15 Administrative Remedies Form), which required a hearing before the Board could decide the administrative appeal, but Inmate withdrew that ground of appeal on May 22, 2015. (C.R. at 132, Notice of Partial Withdrawal.)

In this appeal,[2] Inmate argues 1) that his parole revocation hearing was untimely; 2) that the Board lost jurisdiction over him when it transferred him to federal custody to serve his federal sentence in July 2008; and 3) that the Board's recalculation of his maximum sentence date is invalid because he is entitled to credit against his state sentence for all periods when he was held on federal charges or serving his federal sentence regardless of whether he received credit for those periods against his federal sentence.

As the Board correctly contends, Inmate waived any challenge to the timeliness of his parole revocation hearing. An administrative appeal from a recommitment as a parole violator must be filed within 30 days of the date that Board's decision was mailed to the inmate. 37 Pa. Code § 73.1(a); *Merriwether v. Pennsylvania Board of Probation and Parole*, 693 A.2d 1000, 1001 (Pa. Cmwlth. 1997); *McCaskill v. Pennsylvania Board of Probation and Parole*, 631 A.2d 1092, 1095 (Pa. Cmwlth. 1993). An inmate's failure to file a timely appeal from a Board decision bars this Court from considering the issues determined by that decision in appeals from later Board decisions. *Merriwether*, 693 A.2d at 1002; *McCaskill*, 631 A.2d at 1095. A recommitment decision is an appealable decision when issued and is separate from subsequent Board decisions recalculating the inmate's maximum sentence date. *Wright v. Pennsylvania Board of Probation and Parole*, 743 A.2d 1004, 1006 (Pa. Cmwlth. 1999); *Woodard v. Pennsylvania Board of Probation and Parole*, 582 A.2d 1144, 1146 (Pa. Cmwlth. 1990). Any challenge by an inmate to the timeliness of his parole revocation hearing must therefore be

---

[2] Our review of the Board's decision is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. *Baasit v. Pennsylvania Board of Probation and Parole*, 90 A.3d 74, 76 n.1 (Pa. Cmwlth. 2014).

asserted by an appeal of the Board's initial decision to recommit him as a parole violator and cannot be raised for the first time by appeal of a subsequent Board decision recomputing his maximum sentence date. *Woodard*, 582 A.2d at 1146.

Here, the Board's decision recommitting Inmate as a convicted parole violator was mailed to him on September 15, 2008, and Inmate does not dispute that he received that decision at that time. Inmate filed no appeal from the Board's 2008 recommitment decision. Accordingly, Inmate's claim that his parole revocation hearing was untimely is waived and cannot be considered in this appeal. *Woodard*, 582 A.2d at 1146.

Inmate's other arguments have been properly raised, but fail on the merits. Contrary to Inmate's contentions, the transfers to federal custody did not deprive the Board of jurisdiction to recalculate his maximum sentence date and to require him to serve the remainder of his sentence. The Board does not lose its jurisdiction over an inmate when it transfers the inmate to federal custody. *Bellochio v. Pennsylvania Board of Probation and Parole*, 559 A.2d 1024, 1026-27 (Pa. Cmwlth. 1989); *Marrow v. Pennsylvania Board of Probation and Parole*, (Pa. Cmwlth., No. 741 C.D. 2008, filed December 4, 2008), slip op. at 3, 2008 WL 9406027 at *1.[3] "It is well settled that either sovereign [the Board or federal authorities] may voluntarily surrender a prisoner to the other without loss of jurisdiction and without the prisoner's consent." *Bellochio*, 559 A.2d at 1026-27.

Inmate's argument that he is entitled to credit against his state sentence for the entire time that he was confined on federal charges or serving his federal sentence is based on two assertions, that his 2002 state sentence must be

---

[3] While *Marrow* and *Thomas v. Pennsylvania Board of Probation and Parole*, (Pa. Cmwlth., No. 279 C.D. 2015, filed March 7, 2016), 2016 WL 867573, cited below, are unreported decisions and therefore are not binding precedent, the Court finds them to be persuasive authority. *See* 210 Pa.Code § 69.414(a).

served prior to his federal sentence and that his federal sentence was to run concurrently with his 2002 state sentence. Neither of these premises is valid.

Under Section 6138(a)(5.1) of the Prisons and Parole Code, 61 Pa. C.S. § 6138(a)(5.1), a parolee sentenced to a new term of imprisonment by a federal court is to serve the remainder of his prior state sentence before serving his new federal sentence and periods when he was confined on both the Board's detainer and a federal detention are therefore to be credited against his state backtime. *Banks v. Pennsylvania Board of Probation and Parole*, __ A.3d __, __ (Pa. Cmwlth., 1452 C.D. 2015, filed April 27, 2016), 2016 WL 1659130 at *4-*7; *Smith v. Pennsylvania Board of Probation and Parole*, 133 A.3d 820, 822-25 (Pa. Cmwlth. 2016); *Baasit v. Pennsylvania Board of Probation and Parole*, 90 A.3d 74, 80-83 (Pa. Cmwlth. 2014). Section 6138(a)(5.1), however, was enacted in 2010 and applies only where the federal sentence was imposed after its enactment. *Baasit*, 90 A.3d at 82; *Thomas v. Pennsylvania Board of Probation and Parole*, (Pa. Cmwlth., No. 279 C.D. 2015, filed March 7, 2016), slip op. at 6-9, 2016 WL 867573 at *3-*4. Here, Inmate's federal sentence was imposed in 2008. The order in which Inmate was to serve his sentences and the Board's recalculation of his maximum sentence date are therefore not subject to Section 6138(a)(5.1).

Under Section 21.1(a) of the Act commonly known as the Parole Act[4] in effect in 2008 and the Prisons and Parole Code prior to the enactment of Section 6138(a)(5.1), an inmate convicted of a federal crime while on parole was required to serve his federal sentence before serving the remainder of his state sentence. *Smith*, 133 A.3d at 825; *Burno v. Pennsylvania Board of Probation and Parole*, 67

---

[4] Act of Aug. 6, 1941, P.L. 861, added by the Act of August 24, 1951, P.L. 1401, *as amended, formerly* 61 P.S. § 331.21a(a). The Parole Act was superseded in 2009 by the Prisons and Parole Code, 61 Pa. C.S. §§ 101–6309.

A.3d 1280, 1285 (Pa. Cmwlth. 2013); *Griffin v. Department of Corrections*, 862 A.2d 152, 155 (Pa. Cmwlth. 2004).  Thus, contrary to Inmate's assertions, Inmate was required to serve his federal sentence first and did not become available to serve his backtime until 2014, when he completed his federal sentence.  Moreover, where Section 6138(a)(5.1) does not apply, pre-sentence confinement on both the Board's detainer and federal detention is to be credited to the new federal sentence, not to the inmate's backtime on the earlier state sentence, provided that the pre-sentence incarceration is less than the maximum term of the new sentence. *Freeman v. Pennsylvania Board of Probation and Parole,* 957 A.2d 356, 359-61 (Pa. Cmwlth. 2008); *Bowman v. Pennsylvania Board of Probation and Parole,* 930 A.2d 599, 601-05 (Pa. Cmwlth. 2007).  Inmate's 98-month federal sentence far exceeded the 2006 to 2008 period that he was held on federal charges prior to serving his federal sentence.  Accordingly, the Board properly concluded that credit for detention on the federal charges applied to Inmate's federal sentence and that Inmate was not entitled to credit against his 2002 state sentence for any of the 2006 to 2008 federal detention as to which he received credit against his federal sentence.

Inmate's assertion that the federal sentence was concurrent to his 2002 state sentence is unsupported by the record.  The federal judgment imposed 98-month sentences for each of the three firearms offenses for which Inmate was convicted and provided only that those three 98-month sentences were concurrent to each other.  (C.R. at 29, Federal Court Judgment.)  The federal judgment states:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
> 98 months on each of counts 2, 3 and 4, all to run concurrently to each other.

8

(*Id.*) Nothing in that language refers to any sentence of any other court or suggests that federal court ordered or intended that the 98-month sentences were to run concurrently with any sentence of any other court. *Compare Griffin*, 862 A.2d at 156 (federal court "designated that [the] federal sentence be served concurrent to any state sentence"). Although Inmate repeatedly claims that the federal sentence was concurrent with his 2002 state sentence, he points to nothing in the record that contains any language that expresses any such intent.

When a parole violator is incarcerated on both a Board detainer and new criminal charges, all time spent in confinement must be credited to either the new sentence or the original sentence. *Martin v. Pennsylvania Board of Probation and Parole,* 840 A.2d 299, 309 (Pa. 2003). The Board's decision here, as modified by its October 2015 calculation of Inmate's maximum sentence date as November 6, 2016, satisfies this requirement. The record shows that Inmate was confined on the Board's detainer and was not held on federal charges from February 8, 2005 through May 12, 2005, and from December 14, 2005 through March 22, 2006. (C.R. at 11, 2/8/05 Board Detainer; C.R. at 14, 12/14/05 Board Detainer; C.R. at 55-56, Federal Court Docket; C.R. at 100, DOC Moves Report.) The Board's decision credited both of those periods in full against the 3 years and 359 days remaining on Inmate's 2002 sentence. (C.R. at 141, Board Decision; C.R. at 104, 1/28/15 Order to Recommit.) Inmate was confined on both the Board's detainer and the federal charges from March 22, 2006 to July 15, 2008, when he began serving his federal sentence. (C.R. at 55-70, Federal Court Docket; Supp. C.R. at 26a, Federal Sentence Monitoring Report.) Inmate was given credit against his federal sentence for the periods from March 22, 2006 to April 7, 2006 and from October 4, 2006 to May 16, 2008. (Supp. C.R. at 26a, Federal Sentence

9

Monitoring Report.) The Board's decision gave Inmate credit against his 2002 sentence for the two periods for which Inmate did not receive credit against his federal sentence, April 7, 2006 to October 4, 2006, and May 16, 2008 to July 15, 2008. (C.R. at 141, Board Decision; C.R. at 104, 1/28/15 Order to Recommit.) While the Board's decision did not give Inmate credit for the federal error in confining him and failing to return him to state custody after he completed serving his federal sentence on January 19, 2014, the Board has corrected that error in its October 2015 decision, which gives Inmate credit for the period from January 19, 2014 to October 11, 2014. (Supp. C.R. at 6a, 10/15/15 Notice of Board Decision; Supp. C.R. at 3a-4a, 10/6/15 Order to Recommit.)

Accordingly, the order of the Board, as modified by its October 2015 determination, is affirmed.

_____
**JAMES GARDNER COLINS, Senior Judge**

10

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mark Lawrence,                          :
                                        :
                 Petitioner             :
                                        :
          v.                            : No. 1192 C.D. 2015
                                        :
Pennsylvania Board of                   :
Probation and Parole,                   :
                                        :
                 Respondent             :


## ORDER


**AND NOW**, this 13th day of July, 2016, the June 25, 2015 order of the Pennsylvania Board of Probation and Parole in the above-captioned matter, as modified by the Notice of Board Decision mailed October 15, 2015, is AFFIRMED.


_____
**JAMES GARDNER COLINS, Senior Judge**