IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas J. Congo, :
:
     Petitioner :
:
    v. : No. 692 C.D. 2016
: Submitted: January 27, 2017
Pennsylvania Board of :
Probation and Parole, :
:
     Respondent :


BEFORE: HONORABLE ROBERT SIMPSON, Judge
     HONORABLE MICHAEL H. WOJCIK, Judge
     HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK        FILED: June 5, 2017


   Thomas J. Congo (Congo) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) dismissing his petition for administrative review as untimely. In addition to the petition for review, we are presented with a petition to withdraw as counsel filed by Congo's court-appointed attorney, James L. Best, Esquire (Attorney Best) on the ground that Congo's appeal is without merit. For the reasons that follow, we grant Attorney Best's petition to withdraw as counsel, and we affirm the Board's order.

## I. Background

   Congo was originally sentenced to 6 to 12 years for conviction of burglary offenses. Certified Record (C.R.) at 2-3. In 2004, the Board released Congo on parole. In August 2006, the Board arrested Congo and recommitted him

as a technical parole violator. On May 21, 2008, the Board reparoled Congo and released him to the Kintock-Erie Community Corrections Facility (CCF), which is a halfway house in Philadelphia where he stayed until December 19, 2008, upon his successful completion of the program. C.R. at 6, 54, 62.

While on parole, Congo was arrested on new criminal charges in Delaware and Maryland, for which he was convicted. The Board issued a warrant to commit and detain Congo for parole violations. C.R. at 61. The Board scheduled a violation and revocation hearing. C.R. at 62. Congo admitted to violating the conditions of his parole and to committing new criminal offenses while on parole. C.R. at 78. He waived his right to a revocation hearing. C.R. at 78.

By Board action mailed May 26, 2011, the Board recommitted Congo as a technical and convicted parole violator to serve 9 months backtime. C.R. at 89. The Board set a new parole violation maximum date of September 3, 2014, and a parole eligibility date of November 19, 2011. C.R. at 89. Significantly, Congo did not appeal this decision.

The Board reparoled Congo on October 21, 2011. Congo violated his parole again by committing new criminal offenses. By action mailed on March 17, 2016, the Board recommitted him as a convicted parole violator to serve 24 months backtime. C.R. at 132. The Board set a parole violation maximum date of December 30, 2017. C.R. at 132.

In February 2016, Congo, representing himself, filed a petition for administrative review challenging his sentence credit and seeking recalculation of his maximum expiration date. C.R. at 134-138. Specifically, Congo alleged that the Board failed to apply credit for time spent in custody solely on the Board's

warrant from August 2006 to May 2008, and for time spent in custody at Kintock-Erie CCF from May 2008 to December 2008. C.R. at 134, 136-137.

By decision mailed April 1, 2016, the Board dismissed Congo's petition for administrative review as untimely on the basis that the issues raised regarding time credit should have been raised from the Board action mailed on May 26, 2011. C.R. 139. As a result, the Board did not address the merits of Congo's claims.

From this decision, Congo filed a timely petition for review with this Court, reasserting his entitlement to credit for time served between 2006 and 2008 and challenging the Board's dismissal of his petition as untimely. This Court appointed Attorney Best to represent Congo. Shortly after his appointment, Attorney Best filed his petition to withdraw as counsel based on his belief that Congo's appeal is without merit.

## II. Petition to Withdraw

Counsel seeking to withdraw must conduct a zealous review of the case and submit a "no-merit" letter to this Court detailing the nature and extent of counsel's diligent review of the case, listing the issues the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw. *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988); *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 26 (Pa. Cmwlth. 2009); *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009). The no-merit letter must include "'substantial reasons for concluding that' a petitioner's arguments are meritless." *Zerby*, 964 A.2d at 962 (quoting *Jefferson v. Pennsylvania Board of Probation and Parole*, 705 A.2d 513, 514 (Pa. Cmwlth. 1998)).

3

In addition, counsel must send the petitioner: (1) a copy of the "no-merit" letter; (2) a copy of the petition for leave to withdraw; and, (3) a statement that advises the petitioner of the right to retain substitute counsel or proceed *pro se* by representing himself. *Turner*, 544 A.2d at 928*; Hughes*, 977 A.2d at 22. If counsel satisfies these technical requirements, this Court must then conduct an independent review of the merits of the case. *Turner*, 544 A.2d at 928*; Hughes*, 977 A.2d at 25. If this Court determines the petitioner's claims are without merit, counsel will be permitted to withdraw and the petitioner will be denied relief. *Turner*, 544 A.2d at 928*; Hughes*, 977 A.2d at 27.

Here, Attorney Best's no-merit letter satisfies the technical requirements of *Turner*. Attorney Best states that he carefully considered the matter and found no basis to challenge the Board's decision. The letter sets forth the procedural history of the case, reflecting counsel's review of the record, and the issues Congo raised in the petition for review. Attorney Best provides a thorough analysis as to why the issues lack merit, and he cites applicable statutes, regulations and case law in support. He explains Congo's issues lack merit because the claim is time-barred. The law is clear that a petition for administrative review of a final Board action must be filed within 30 days of the mailing date of the Board's action. The Board's final action, which Congo challenges, was mailed May 27, 2011. However, Congo did not file his petition with the Board until January 20, 2016. Even if the claim was not time-barred, Attorney Best asserts that Congo's claim would still fail because Congo would most likely not be entitled to time served at Kintock-Erie CCF. *See Armstrong v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 851 C.D. 2010, filed February 1, 2011), *appeal denied*, 26 A.3d 484 (Pa. 2011) (affirming the Board's denial of

4

credit for time served at Kintock-Erie CCF upon determining the facility was not the equivalent of a prison).[1]

Based on his review, Attorney Best determined that the Board lacked jurisdiction to consider Congo's issues because they were not timely raised. On this basis, Attorney Best concludes Congo's appeal is without merit, and he requests permission to withdraw. Attorney Best provided Congo with a copy of the no merit letter and his request to withdraw. He advised Congo of his right to retain new counsel or proceed by representing himself.[2] As we are satisfied that counsel discharged his responsibility in complying with the technical requirements of a no-merit letter, we conduct an independent review to determine whether the issues raised in Congo's petition for review lack merit.[3]

### III. Independent Review

In his petition for review, Congo contends the Board erred when it dismissed his petition for administrative review as untimely. Congo maintains that a challenge to the legality of a sentence may be raised at any time. He did not become aware that he was entitled to credit for the time spent in custody until 19 days before filing his petition. Under the rule of newly-discovered evidence and

---

[1] Section 414 of this Court's Internal Operating Procedures authorizes the citation of unreported panel decisions issued after January 15, 2008, for their persuasive value, but not as binding precedent. 210 Pa. Code §69.414.

[2] Congo did not retain new counsel or file a brief.

[3] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 74 (Pa. Cmwlth. 2013), *appeal denied*, 87 A.3d 322 (Pa. 2014).

information, Congo claims he had 60 days from the date of discovery to file his petition, which he was well within.

Our independent examination confirms that Congo's contentions lack merit. This matter is not a challenge to the legality of a criminal sentence imposed by a criminal court under the Post Conviction Relief Act (PCRA)[4] where the discovery rule may apply.[5] Rather, it is a petition for administrative review of a final agency action.

An administrative appeal from a recommitment as a parole violator must be filed within 30 days of the date the Board's decision was mailed to the inmate. 61 Pa. C.S. §6113(d); 37 Pa. Code §73.1(a); *Lawrence v. Pennsylvania Board of Probation and Parole*, 145 A.3d 799, 803 (Pa. Cmwlth. 2016). "This time period is jurisdictional and cannot be extended absent a showing of fraud or a breakdown of the administrative process" sufficient to warrant *nunc pro tunc* relief. *Smith v. Pennsylvania Board of Probation and Parole*, 81 A.3d 1091, 1094 (Pa. Cmwlth. 2013). "An inmate's failure to file a timely appeal from a Board decision bars this Court from considering the issues determined by that decision in appeals from later Board decisions." *Lawrence*, 145 A.3d at 803.

---

[4] 42 Pa. C.S. §§9541-9546.

[5] Under the PCRA, a petition challenging the illegality of a criminal sentence must be filed within one year of the date the judgment becomes final. Any PCRA petition that is not filed within that time is time-barred, unless the petitioner has pled and proven one of the three exceptions to the PCRA's time limitation set forth in 42 Pa. C.S. §9545(b)(1) (providing that an untimely PCRA petition may be considered timely if a petitioner alleges and proves: (1) governmental interference with the presentation of his claims; (2) discovery of previously unknown facts which could not have been discovered with due diligence; or (3) an after-recognized constitutional right given retroactive application).

6

Here, Congo's petition for administrative review challenges the Board's credit allocation for time he allegedly spent within the Board's sole custody and at Kintock-Erie CCF between 2006 and 2008. The mailing date of the relevant decision that assessed credit for this period was May 26, 2011. Therefore, Congo's appeal was due on or before June 27, 2011.[6] However, Congo waited to seek review until February 2016, which was over four and a half years later and after a subsequent parole revocation. C.R. at 138. Congo makes no allegation regarding fraud or a breakdown of the administrative process warranting *nunc pro tunc* relief. *See Smith*, 81 A.3d at 1094. Thus, we conclude that the Board did not err in dismissing Congo's petition for administrative review as untimely.[7]

## IV. Conclusion

In conclusion, we agree with Attorney Best that Congo's claims lack merit. Accordingly, we grant Attorney Best's petition for leave to withdraw as counsel, and we affirm the order of the Board dismissing Congo's petition for administrative review.

MICHAEL H. WOJCIK, Judge

---

[6] The thirtieth day – June 25, 2011 -- was a Saturday and thus the time was extended through Monday, June 27, 2011. *See* 1 Pa. C.S. §1908 (providing that when a statutory filing deadline falls on a Saturday, Sunday, or holiday, the deadline will be extended to the next business day).

[7] Because the Board was divested of jurisdiction to consider the merits of Congo's appeal, we need not consider the merits of the credit issue. *See Merriwether v. Pennsylvania Board of Probation and Parole*, 693 A.2d 1000, 1002 (Pa. Cmwlth. 1997).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas J. Congo,                          :
                                          :
                    Petitioner            :
                                          :
             v.                           : No. 692 C.D. 2016
                                          :
Pennsylvania Board of                     :
Probation and Parole,                     :
                                          :
                    Respondent            :


O R D E R


        AND NOW, this 5th day of June, 2017, James L. Best's petition to withdraw as counsel is GRANTED and the order of the Pennsylvania Board of Probation and Parole, dated April 1, 2016, is AFFIRMED.


                              _____
                              MICHAEL H. WOJCIK, Judge