IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jason Lang,                          :
                    Petitioner       :
                                     :
            v.                       :
                                     :
Pennsylvania Board of                :
Probation and Parole,                :    No. 927 C.D. 2017
                    Respondent       :    Submitted: December 1, 2017


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                          FILED: March 12, 2018


            Jason Lang (Lang) petitions this Court for review of the Pennsylvania Board of Probation and Parole's (Board) June 6, 2017 decision denying his request for administrative relief. The sole issue before this Court is whether the Board erred in its recalculation of Lang's maximum sentence release date.

            Lang is an inmate currently incarcerated at the State Correctional Institution (SCI) at Waymart. On August 5, 2014, Lang was paroled from a two to four-year sentence for the manufacture, sale, delivery or possession with the intent to deliver a controlled substance, and a probation violation (Original Sentence). Lang's original maximum release date was March 6, 2017. As a condition of his parole, Lang agreed, *inter alia*, to "report[] regularly as instructed and follow[] any written instructions of the Board or the parole supervision staff" (Condition 3a). Certified Record (C.R.) at 72. In addition, Lang acceded that "[i]f [he] [wa]s arrested on new criminal charges, the Board ha[d] the authority to lodge a detainer against [him]

which w[ould] prevent [his] release from custody, pending disposition of th[e] charges, even though [he] may have posted bail or been released on [his] own recognizance from those charges." C.R. at 72. Lang further agreed that "[i]f [he] [wa]s convicted of a crime committed while on parole[], the Board ha[d] the authority, after an appropriate hearing, to recommit [him] to serve the balance of the sentence . . . which [he] was serving when paroled[], with no credit for time at liberty on parole." C.R. at 72. Lang did not raise any objections to the above-quoted parole conditions.

By October 26, 2015 decision, the Board declared Lang delinquent after parole staff was unable to locate him and he refused to report as instructed. *See* C.R. at 75, 87, 92. On December 15, 2015, Lang was arrested based on new criminal charges (New Charges), *see* C.R. at 108, and his parole delinquency. The Board lodged its warrant to commit and detain Lang that same day. Lang was detained in Montgomery County prison. *See* C.R. at 75-91. Lang was formally charged on December 18, 2015, and bail was set at $10,000.00, which he was unable to post. *See* C.R. at 81-82, 84.

On December 22, 2015, the Board served Lang with a notice of charges and notice of the Board's intent to hold a detention hearing. *See* C.R. at 92. That day, Lang admitted to his arrest for the New Charges, and waived his right to counsel and a detention hearing. *See* C.R. at 92-96. On December 31, 2015, the hearing examiner recommended and, on January 11, 2016, a second Board panel member provided the second signature needed to recommit Lang to a state correctional institution as a technical parole violator. *See* C.R. at 97-105.

On January 6, 2016, Lang was transferred from Montgomery County prison to SCI-Graterford, his bail was modified to "unsecured," and he posted bail that day. *See* C.R. at 81-82, 107-108, 111, 157-160. By January 28, 2016 decision (issued February 3, 2016), the Board formally recommitted Lang as a technical parole

violator to serve his "UNEXPIRED TERM[:] 4 MONTHS, 12 DAYS," and recalculated his maximum sentence release date as April 28, 2016, "SUBJECT TO CHANGE IF [LANG IS] CONVICTED OF [THE NEW] CHARGES." C.R. at 105; *see also* C.R. at 105-106. The Board's decision reflected that Lang was being detained pending disposition of the New Charges. *See* C.R. at 105.

On July 8, 2016, the Board issued a decision stating: "REFER TO BOARD ACTION OF 01/28/2016 TO DETAIN PENDING DISPOSITION OF CRIMINAL CHARGES, AND TO RECOMMIT AS A TECHNICAL PAROLE VIOLATOR TO SERVE [HIS] UNEXPIRED TERM OF 4 MONTHS 12 DAYS, AND NOW; DECLARE DELINQUENT FOR CONTROL PURPOSES EFFECTIVE 12/15/2015."[1] C.R. at 122; *see also* C.R. at 120-122. The Board lifted its detainer when Lang's sentence expired on April 28, 2016.

On August 23, 2016, Lang pled guilty to intentional possession of a controlled substance, and was sentenced to 250 days to 23 months incarceration in a county prison. *See* C.R. at 107-119, 161-162. On October 25, 2016, the Board served Lang with a notice of charges and notice of the Board's intent to hold a parole revocation hearing. *See* C.R. at 123. That day, Lang admitted to his new conviction, and waived his right to counsel and a revocation hearing. *See* C.R. at 124-127. On January 5, 2017, a second Board panel member accepted the hearing examiner's December 5, 2016 recommendation and provided the second signature needed to recommit Lang as a convicted parole violator to serve 9 months in a state correctional institution, without credit for time spent at liberty on parole due to Lang's repeat offenses. *See* C.R. at 131; *see also* C.R. at 128-136.

By January 11, 2017 decision (issued January 23, 2017), the Board formally recommitted Lang to serve 4 months and 12 days as a technical parole

---

[1] The Board clarified in its brief to this Court: "Delinquent for control purposes is an action by the Board expressing its intention to proceed with a revocation proceeding in the event the offender is convicted after the expiration of the maximum sentence for a criminal offense that occurred before the maximum sentence expired." Board Br. at 5 n.1.

3

violator, plus 9 months as a convicted parole violator. *See* C.R. at 137-140. The Board recalculated Lang's maximum sentence release date from April 28, 2016 to March 19, 2018, and added that Lang is "NOT ELIGIBLE FOR REPAROLE UNTIL 05/16/2017." C.R. at 137; *see also* C.R. at 139.

On March 6, 2017, Lang filed a pro se administrative appeal challenging the Board's sentence calculation, specifically arguing that the Board erred by not crediting him for his time served from December 18, 2015 to January 5, 2016 on the Board's detainer, and from January 6, 2016 to August 23, 2016 while in the Board's custody in the county prison. *See* C.R. at 142-146. On April 13 and 24, and May 8, 2017, Lang supplied the Board with additional information to support his position. *See* C.R. at 147-165. On June 6, 2017, the Board denied Lang's request for administrative relief, and affirmed the Board's January 11, 2017 decision (issued January 23, 2017). *See* C.R. at 166-168. Lang appealed from the Board's decision to this Court.[2]

Lang argues that the Board erred by denying him credit for the time he served on the Board's detainer between December 18, 2015 and January 5, 2016, and when he was in county prison under the Board's custody between January 6 to August 23, 2016, and that, since his only street time[3] was from August 5, 2014 to October 23, 2016, his maximum sentence release date should have been July 16, 2017. Notably, "the Board agrees that Lang's sentence was not properly recalculated, but disagrees as to the amount of credit Lang should receive." Board Br. at 8. The Board contends that Lang's maximum sentence release date "should be January 25,

---

[2] "Our review of the Board's decision is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence." *Lawrence v. Pa. Bd. of Prob. & Parole*, 145 A.3d 799, 803 n.2 (Pa. Cmwlth. 2016).

Lang is represented by counsel on appeal.

[3] "'Street time' is a term for the period of time a parolee spends at liberty on parole." *Dorsey v. Pa. Bd. of Prob. & Parole*, 854 A.2d 994, 996 n.3 (Pa. Cmwlth. 2004).

2018." Board Br. at 8. In support of its position, the Board submitted a supplemental certified record (S.C.R.) which contained the Board's October 19, 2016 detainer warrant, and its January 28, 2016 and October 25, 2017 parole violation date calculation sheets. *See* S.C.R. at 1A-5A.

Initially, Section 6138(a) of the Prisons and Parole Code (Parole Code) provides, in relevant part:

> (1) A parolee under the jurisdiction of the [B]oard released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the [B]oard be recommitted as a parole violator.
>
> (2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and . . . , **shall be given no credit for the time at liberty on parole**.
>
> . . . .
>
> (4) The period of time for which the parole violator is required to serve shall be computed from and begin on the date that the parole violator is taken into custody to be returned to the institution as a parole violator.
>
> (5) If a new sentence is imposed on the parolee, **the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term** imposed in the following cases:
>
> (i) If a person is paroled from a [s]tate correctional institution and the new sentence imposed on the person is to be served in the [s]tate correctional institution.

61 Pa. C.S. § 6138(a) (emphasis added). Accordingly, "[u]pon recommitment as a convicted parole violator, the parolee must serve the remainder of the term which he

5

would have been compelled to serve had he not been paroled with no credit given for street time." *Armbruster v. Pa. Bd. of Prob. & Parole*, 919 A.2d 348, 351 (Pa. Cmwlth. 2007).

> Moreover,
>
> [t]he general rule governing the allocation of credit for time served awaiting disposition of [a] new criminal charge was established by our Supreme Court in *Gaito v. Pennsylvania Board of Probation and Parole,* . . . 412 A.2d 568 ([Pa.]1980). The Supreme Court held that 'time spent in custody pursuant to a detainer warrant shall be credited to a convicted parole violator's original term . . . only when the parolee was eligible for and had *satisfied bail requirements for the new offense* and thus remained incarcerated only by reason of the detainer warrant lodged against him.' [*Id.*] at 571 (quoting *Rodriques v. P[a.] B[d.] of Prob[.] [&] Parole,* . . . 403 A.2d 184, 185-86 ([Pa. Cmwlth.] 1979)) (emphasis added).[4]

*Armbruster*, 919 A.2d at 352.

> Here, the Board admits in its brief:
>
> [T]he Board mistakenly did not provide Lang with the correct amount of backtime credit when his sentence was recalculated (i.e.[,] time that the parolee was held solely on the Board's warrant prior to the recommitment order). Lang should have received backtime credit for the period of December 15, 2015 (arrest date) to December 18, 2015 ([New Charges] filed), and from January 6, 2016 (bail conditions modified to unsecured) to April 28, 2016 (maximum sentence date reached, [B]oard warrant lifted).

---

[4] The sole exception to *Gaito's* general rule, established in *Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299 (Pa. 2003), provides:

> [W]here a parole violator is confined on both the Board's warrant and the new criminal charges and it is not possible to award all of the credit on the new sentence because the period of pre-sentence incarceration *exceeds* the maximum term of the new sentence, the credit must be applied to the offender's original sentence.

*Armbruster v. Pa. Bd. of Prob. & Parole*, 919 A.2d 348, 355 (Pa. Cmwlth. 2007).

6

(C.R. [at] 85, 108, 122; S.C.R. [at] 4A-5A). This is a total of 116 days. (S.C.R. [at] 4A). Conversely, to the extent that Lang claims he is entitled to credit from April 28, 2016 to October 19, 2016, Lang is not entitled to credit for that period because he was not being detained by the Board. Upon the Board lifting its warrant, Philadelphia County should have released Lang from custody. To the extent that Lang remained incarcerated, his credit claim should be addressed with Philadelphia County. The case law is clear that the Board is only required to provide credit for pre-sentence incarceration where the parolee is solely confined on the Board's warrant. *Gaito* . . . . The Board's warrant was lifted on April 28, 2016 and not re-lodged until October 16, 2016. (C.R. [at] 120-122; S.C.R. [at] 3A). Therefore, Lang is not entitled to credit from the Board for a period of time when the Board did not have a detainer on him. Furthermore, the exception provided in *Martin* [*v. Pa. Bd. of Prob. & Parole*, 840 A.2d 299 (Pa. 2003),] does not apply to the instant case. The record reflects that Lang was sentenced to time served [(250 days)] to 23 months of confinement. (C.R. [at] 109, 161-162). *See also* [Lang] Brief [at] 9. Lang was not incarcerated in excess of 23 months (i.e.[,] from December 18, 2015 [charges filed] to August 23, 2016 [sentence date] = 249). Thus, Lang's period of pre-sentence incarceration does not exceed the maximum term of the new sentence of 23 months.

'The period of time for which a parole violator is required to serve shall be computed from and begin on the date that the parole violator is taken into custody to be returned to the institution as a parole violator.' 61 Pa. C.S. § 6138(a)(4). Lang became available to begin serving his Original Sentence backtime on October 19, 2016, when the Board relodged its warrant. (C.R. [at] 139; S.C.R. [at] 3A-4A). Adding 463 days (579 days remaining at the time of parole - 116 days of backtime credit = 463 days remaining) to October 19, 2016 results in Lang's suggested new Original Sentence maximum date of January 25, 2018. (S.C.R. [at] 4A).

Board Br. at 10-12.

Finding no error in the Board's recalculation and correction on appeal, we vacate the Board's June 6, 2017 order denying Lang's administrative appeal, and

7

remand this matter for the Board to change Lang's maximum sentence release date to January 25, 2018.

_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jason Lang,                :
          Petitioner    :
                     :
        v.              :
                     :
Pennsylvania Board of    :
Probation and Parole,     :    No. 927 C.D. 2017
          Respondent  :

## O R D E R

AND NOW, this 12th day of March, 2018, the Pennsylvania Board of Probation and Parole's (Board) June 6, 2017 decision denying Jason Lang's (Lang) administrative appeal is vacated, and this matter is remanded for the Board to change Lang's maximum sentence release date to January 25, 2018.

Jurisdiction is relinquished.

_____
ANNE E. COVEY, Judge